## No. 6572.

### E. H. FARRAR vs. STEPHEN DUNCAN.

The principal is bound by any contract made by his agent which is necessary to carry out the objects of the agency ; and no confidential limitation of the mandate, can operate to the prejudice of any innocent third person.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Hough*, J.

*E. D. White*, for plaintiff and appellant.

*Drake & Currell*, for defendant.

The opinion of the court was delivered by

MANNING, C. J.   The plaintiff is a lawyer, and sues for remuneration for professional services rendered the defendant in certain legal proceedings before the court of Tensas.parish.   The recovery is resisted on the ground that the plaintiff was not employed by the defendant, nor by any one authorized by him.

The defendant owns several plantations in the parish of Tensas. Seven of these plantations had been sold for taxes, and the professional services consisted in rescuing them from impending total loss to the defendant.   The suits instituted by plaintiff, and prosecuted to judgment, are in the record as part of the evidence.   The plaintiff was successful in these suits.   The value of these plantations ranges from forty to seventy-five thousand dollars, those figures expressing the value of the whole thus recovered.   The fee charged is twenty-five hundred dollars. Three practicing attorneys say the fee is reasonable.

Mr. Winchester, of Natchez, is the agent and attorney in fact as well as at law, of defendant.   He has had charge of the defendant's interests

Farrar vs. Duncan.

for many years. He leases this property, collects the revenues, and in several instances has employed counsel in this State to represent and protect defendant's interests. He has entire control of this property, with power to sue in defendant's name. Both Duncan and his agent Winchester declare there was an understanding between them that the agent was alone to be responsible for fees of counsel employed by him. Plaintiff had no knowledge of this stipulation of defendant with his agent. Winchester was recognized by defendant as his general agent, and was thus held out to the world by him. There is no attempt by the defendant to deny or conceal the fact of this agency; on the contrary, he unhesitatingly avows it, refers to it in his correspondence with plaintiff, and does not inform him that in the event Winchester employed him he must look to the agent for his fees. Defendant thinks that Winchester ought to pay plaintiff for his services, and that he ought not to be required to do so. t will not be denied that a general authority empowers the agent to bind his principal by all acts within the scope of his employment, and the consequence of this authority is, that its exercise by the agent is not affected or limited, as to a party dealing with him, by any private order or direction not known to such party. Dunlap's Paley's Agency, section 127. Arayo vs. Currel, 1 La. 536. Bergerot vs. Farish, 9 Rob. 346. Forman vs. Walker, 4 Annual, 409.

It has been held that a power of attorney " to sue or otherwise collect all claims " implies the authority to employ counsel, and one thus employed was adjudged to be entitled to his compensation, notwithstanding the denial of the defendant of any employment by himself. Morgan vs. Brown, 12 Annual, 159.

The employment by the agent in this case of plaintiff binds his principal to the payment of a just and reasonable remuneration for his services. We are not prepared to say that the estimate of the value of these services made by the plaintiff himself, and by the witnesses, is exaggerated. Defendant has had the benefit of plaintiff's services, which were laborious and protracted, and required two absences from his home, and involved great responsibility, and resulted in success.

It is admitted in the pleadings that plaintiff has received one hundred and sixty dollars in part of the fee charged by him. The judgment of the lower court was in favor of the defendant.

It is now ordered, adjudged, and decreed that the judgment of the lower court is avoided and reversed, and that plaintiff have and recover of the defendant two thousand three hundred and forty dollars, with five per centum per annum interest from the thirteenth day of March, 1876, and costs of both courts, and that the attachment sued out by plaintiff be maintained and enforced.