ROGERS, J.
 

 Plaintiff brought this suit to recover $4,145.16 as the value of 36 bales
 
 *320
 
 .of cotton alleged to have been sold to defendant through its agent Robert T. Durio. The defense urged to the suit is lack of authority on the part of Durio to purchase the cotton for defendant’s account.. The court below rendered judgment in,favor of plaintiff for $8,850, with interest, and defendant appealed.
 

 Plaintiff, Richard J. Johnson, is a cotton planter, residing near the town of Marksville, in the parish of Avoyelles. Defendant, Man-get Bros. Company, is a copartnership engaged in the business of buying cotton in this state and having its principal office in the city of New Orleans. On April 6, 1925, and for some time prior thereto, one Robert T. Durio was employed by the defendant as its agent to buy cotton in the vicinity of Marks-ville for its account. At various times from April 6, 1925, to December 17, 1925, both inclusive, Durio, acting as the agent of defendant, purchased from plaintiff for account of his principal a total of 36 bales of cotton for which he receipted in the form of what is termed “call sale” contracts. Each bale of ■cotton at the time it was purchased was tagged by defendant’s agent with the tag of his principal and hauled from plaintiff’s plantation to the railroad station for shipment.
 

 Pursuant to plaintiff’s call for payment of the cotton, Durio, as defendant’s agent, issued to plaintiff two “street purchase tickets” in the usual form used in his purchases of cotton, one on March 11, 1926, for $1,500 and the other on March 29, 1926, for $2,350. These tickets were delivered by Durio to a bank at Marksville, which gave plaintiff credit therefor on its books, in accordance with the general business arrangement previously entered into between the bank and the defendant copartnership. On April 8, 1926, the bank informed plaintiff by letter that the defendant had refused to honor the tickets issued by Durio, and that, in consequence thereof, it had canceled the credit allowed plaintiff therefor. Plaintiff thereupon brought this suit.
 

 Defendant, in its answer, denied the receipt of any of plaintiff’s cotton, and then modified its denial by averring that, if it did receive the cotton, it had paid for it and did not profit by the transaction. On the trial of the case, plaintiff was able to trace delivery to defendant of 20 of the 36 bales of cotton sold, and defendant thereupon perforce, admitted receipt of the 20 bales and refused to deny that it had also received the other 16 bales.
 

 Defendant admits, which it could not successfully deny, that Durio was its agent in the business of buying cotton, but contends that his authority as such agent was limited to the buying of spot cotton on “street purchase tickets” and did not extend to the buying of cotton on “call contracts.” Defendant contends that, by reason of the limitation of authority granted its agent, it is not liable to plaintiff on the contract sued on, which was beyond the power of its agent to enter into.
 

 The record shows conclusively that Durio, at the time he purchased plaintiff’s cotton and for several years prior thereto, was the duly accredited agent of the defendant in the business of buying cotton in the community in which he conducted his business operations. He was generally known as such by the public, and held himself out to those with whom he dealt as being fully authorized to buy and pay for their cotton. No complaint of his method or manner of doing business was made by any one prior to the time plaintiff received from him the drafts for the payment of plaintiff’s cotton, which were repudiated by the defendant. Neither plaintiff nor any other farmer dealing with Durio had any knowledge of any private understanding between him and his principal limiting his authority in the manner of paying for the cotton purchased by him. So far,
 
 *322
 
 therefore, as the vendors of the cotton were concerned, Durio was correctly recognized and dealt with as the general agent of the defendant, which is bound by his acts.
 

 “Secret or private instructions or limitations in the general authority of an agent however binding they may be as between the principal and his agent, can have no effect on a third person who deals with the agent in good faith, in ignorance of the instructions or limitations and in reliance upon the apparent authority with which the principal has clothed him.” 2 C. J. 566; Farrar v. Duncan, 29 La. Ann. 126; Chaffe v. Barataria Canning Co., 113 La. 215, 36 So. 943.
 

 The fact that the defendant honored and paid drafts di'awn by Durio for the payment of the cotton through the bank in which his personal account was kept, not the bank with which defendant’s business arrangements were made, is not a legal defense to plaintiff’s suit. It is unfortunate that defendant’s agent betrayed the confidence which it reposed in him, and left for parts unknown with its money, but that circumstance does not absolve defendant from its liability under the law for plaintiff’s claim.
 

 Plaintiff has answered the appeal, asking that the judgment in his favor be increased to the amount sued for. We do not think he is entitled to this. He originally accepted from Durio in payment for his cotton two drafts amounting to $3,850, and also testified on the trial of the case that his claim consisted of the drafts for $1,500 and $2,350, respectively, or a total of $3,850. We think these facts are controlling of the issue as to the principal amount he should recover.
 

 For the reasons assigned, the judgment herein appealed from is affirmed, at the cost of the appellant.
 

 ST. PAUL, J., dissents.