## LANE-WELLS CO. v. LADAK OIL CO., Inc.

### No. 17180.

Court of Appeal of Louisiana. Orleans.

April 8, 1940.

A. Dallam O'Brien, Jr., and David Gertler, both of New Orleans, for appellant.

St. Clair Adams & Son, of New Orleans, Preston L. Savoy, of Lake Charles, and P. A. Bienvenu, of New Orleans, for appellee.

WESTERFIELD, Judge.

The Lane-Wells Company, a Delaware corporation, brought this suit against the Ladak Oil Company, Inc., a Louisiana corporation, for $280.95, on a written contract, wherein it is stipulated that the amount sued for shall be paid to the plaintiff for its services in perforating the oil well casing in what is known as Clement No. 1 Well, located in Evangeline Oil Field in the Parish of Acadia. The contract is signed in the name of the defendant by one J. C. Morrison. The defendant resists the plaintiff's claim upon the ground that Morrison was without authority to act for it.

Upon that issue the case went to trial below and resulted in a judgment in plaintiff's favor as prayed for. The defendant has appealed.

It appears from the record that a corporation known as Morrison & Company once owned the land on which the Clement No. 1 Well was situated and that Morrison & Co. conveyed it to R. C. Hutchinson, as Trustee, for the stockholders of Morrison & Company, of which J. C. Morrison was president; that on September 3, 1937, the Ladak Oil Company, Inc., defendant herein, was organized and, on the same day, R. C. Hutchinson transferred to the defendant the property which he held as Trustee for the stockholders of Morrison & Company. The stockholders of Morrison & Company, and the stockholders of Ladak Oil Company are the same individuals. R. C. Hutchinson is president of the Ladak Oil Company. When the well known as Clement No. 1 was drilled, Morrison was in charge of operations and, as we understand the testimony of Mr. Hutchinson, he was a stockholder in the Ladak Oil Company, when this contract was executed.

On or about September 27, 1937, K. K. Gage, a representative of the plaintiff corporation, appeared at the site of the well and found Mr. Morrison in charge or, at least, it so appeared to him. Gage succeeded in having the contract signed by Morrison in the name of the Ladak Oil Company, under date of September 28, 1937. A permit was secured by Morrison from the Conservation Department of the State of Louisiana, allowing this work to be done and it was performed without the discovery of any oil.

Mr. Hutchinson, the president of the defendant company, testified that on or about September 27, 1937: "Mr. Morrison called me from, I believe, Lake Charles by long distance at my home at night, saying that Paul Tilberry, who was the representative of the Lane-Wells Company in charge of the Lake Charles District, had asked to perforate this casing at this higher level and would do so for nothing. The reason for it was that Paul Tilberry had a stock interest in Lane-Wells and the only

way he could get his money out was to get oil. I told him he would have my permission to perforate the well with no expense to us, but we wouldn't authorize one cent expense on that well, because I didn't think they could do a thing with it, we had abandoned it. That is the whole story."

It is, therefore, clear that Morrison was acting for the defendant corporation, but, according to Hutchinson, his authority was limited by the proviso that the work should be done without charge. The representatives of the plaintiff corporation deny having undertaken to do the work without compensation and there is nothing in the record to the contrary. The presumption is, of course, that they were to be paid for their work. Nor is there anything to indicate that Lane-Wells Company or any of its agents knew of the limitations and qualifications of the authority of Morrison with respect to the "shooting of the well". Whatever may have been the instructions given to Morrison by Hutchinson, Morrison, who incidentally did not testify, wrote under date of April 20, 1938, as follows: "These bills represent cost of shooting Clement No. 1 well on Ladak Oil Co., Inc. lease in Evangeline field and are due by the Ladak Oil Company, Inc. for whose account the shooting was done on September 30, 1937, at a cost of $280.95. * * *"

It could not be expected that the agents of the plaintiff corporation should know of the instructions given by Hutchinson to Morrison concerning the refusal to authorize payment for the perforation of the casings nor were they put upon inquiry. Admittedly, Morrison was authorized to permit the "shooting" of the well and, presumably, he had authority to agree upon the payment for the work.

In the case of Johnson v. Manget Bros. Company, 168 La. 317, 318, 122 So. 51, 52, our Supreme Court quoted from Corpus Juris as follows: "'Secret or private instructions or limitations in the general authority of an agent however binding they may be as between the principal and his agent, can have no effect on a third person who deals with the agent in good faith, in ignorance of the instructions or limitations and in reliance upon the apparent authority with which the principal has clothed him.' 2 C.J. 566; Parrar v. Duncan, 29 La.Ann. 126; Chaffe v. Barataria Canning Company, 113 La. 215, 36 So. 943."

In David v. Southern Import Wine Company, Inc., La.App., 171 So. 180, this court quoted with approval from 2 Corpus Juris Secundum, verbum "Agency", page 1203, § 95, wherein it is stated:

"'The authority of the agent is to be tested and determined by the character bestowed upon the agent and not by the instructions given him by the principal, so far as innocent third persons are involved, so that acts or transactions may be within the sphere wherein an agent can impose liability on the principal although outside of the agent's authority as qualified by private instructions.

"'Their general unavailability against third persons often appears in connection with language referring to apparent authority; and so it has been said that one dealing with an agent, in good faith and in reliance on the apparent authority with which the principal has clothed an agent, will not be affected by private or secret instructions or limitations on the agent's powers whatever their effect as between principal and agent, and that the agent's apparent authority will not be narrowed by uncommunicated limitations imposed on his powers by the principal. Third persons may deal on the faith of such apparent authority without being bound by such limitations, it being sufficient to render the instructions or limitations nugatory that the agent's acts in the premises are reasonable and such as would ordinarily be done by a person having the authority apparently exercised by the agent, or, more briefly stated, that they come within the scope of his apparent authority.'"

See also Interstate Electric Company v. Frank Adam Electric Company, 173 La. 103, 136 So. 283, 286, wherein our Supreme Court said: "If defendant had a private agreement with Keller by which his authority was limited, such agreement was not binding upon plaintiff, which knew nothing of it."

Our conclusion is that the case is with the plaintiff and that the judgment appealed from is correct, consequently, and

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.

McCALEB, J., absent, takes no part.