## WILLIAM FLOWER *v.* S. W. DOWNS.

An application made by the plaintiff's counsel, that the defendant be notified of the filing of a report of experts, is not a motion to homologate the report, and does not debar the plaintiff of the right of making objection to it.

Where the defendant had no attorney of record, service of interrogatories, by leaving a copy of them with his wife at his domicil, is sufficient, and authorizes the taking of the testimony under them.

Where the plaintiff, a factor, called on the defendant to answer, on oath, interrogatories as to the correctness of the account sued on, the defendant may state in his answer, that his recollection is not sufficiently distinct to enable him to speak with certainty as to all the items, and that the factor owes him damages, for disobeying his orders as to the sale of his cotton.

Where a planter, who had given instructions to his factor to sell his cotton, is informed that it has been shipped to Liverpool, he is bound, within a reasonable time, to ratify or disapprove the conduct of the factor. He cannot be allowed to watch the fluctuations of the market, with the view of adopting or rejecting the shipment, as may be most to his interest.

Where a factor has paid money for his correspondent, he will not be allowed to charge more than five per cent interest, unless a contract to pay a higher rate of conventional interest be proved.

APPEAL from the District Court of Ouachita, *Barry J. McGuire* and *R. Ray*, for plaintiff. *R. W. Richardson* and *J. C. C. Sharp*, for defendant. The judgment of the Court was pronounced by

FLOWER *v.* DOWNS.

ROST J. The plaintiff sues on a factor's account, for advances made during the years 1838 and 1839, and claims interest on those advances, at the rate of ten per cent per annum.

The defendant, beside pleading the general issue, has made the following averments : That the cotton seed charged in the account was worthless, and did not come up, in consequence of which, he sustained $1000 damages. That the eighty-two bales of cotton, also mentioned therein, were shipped to the plaintiff by the defendant, in January, 1839 ; that it was of the best quality, and such as was selling for eighteen cents per pound, from the 1st of March to the 1st of May, 1839, and afterwards ; that from early in March, the plaintiff was positively instructed by the defendant, and repeatedly, both by letter and in person, urgently requested to sell it before prices should fall ; that he sold another lot of inferior cotton belonging to the defendant for fifteen and a half cents, but failed, and refused to sell the eighty-two bales until September, 1839 ; and then shipped it to Liverpool without instructions, and against the wishes of the defendant ; by which several acts, and the failure to sell as directed, the plaintiff became bound to pay the defendant the highest price he could have obtained ; which price, the defendant prays may be allowed him.

The district court deducted from the plaintiff's account the cost of the cotton seed ; allowed the defendant sixteen and two-third cents per pound for the cotton, instead of about twelve cents, the price which it netted, in Liverpool ; and gave judgment against him for the balance, with interest at five per cent per annum. The defendant has appealed ; and the plaintiff asks that the judgment be amended, so as to allow him the entire amount of his claim.

We do not think that there was error in the ruling of the court, brought to our notice by the bills of exception of the defendant.

The application made by the plaintiff's counsel, that the defendant be notified of the filing of the report of the experts, was not a motion to homologate that report, and did not debar the plaintiff of the right of making opposition to it.

This motion to give notice was unnecessary ; and the embarrassment it has caused shows that counsel should be equally careful, not to do too much, or too little. The motion to amend the report was made by the plaintiff in 1843 ; the judgment appealed from was rendered in 1850 ; the defendant, who attended to the case in person, had ample time to answer it, and could not have been taken by surprise.

On the other bill of exceptions, the testimony objected to was properly admitted. The defendant had no attorney of record ; and we incline to the opinion, that the service of the interrogatories, made by leaving a copy of them with the wife of the defendant, at his domicil, was sufficient. But besides this, the commission was executed here ; and the day before the testimony was taken, the commissioner gave notice of the time and place of taking it, to the defendant, who was in the city at the time. This notice, though short, was sufficient to enable him to obtain further time, if he deemed it necessary. Under those circumstances, we are of opinion, that the district court did not err.

We think, that the evidence itself is legal. It is true, that the plaintiff's books, or those of merchants with whom he deals, are not *per se* evidence for him. But witnesses may look into them, to refresh their memory, as was done in the

present case. This is the only way in which factors can prove their accounts. *Morgan* v. *Bikle et al.*, 2 N. S. 387. For the purpose of closing this protracted litigation, we have answered the objections raised against the plaintiff's witnesses; although on the trial, we did not understand the items proved by those witnesses as being seriously contested.

The only questions argued before us, arising on the report of the experts, were in relation to the cotton seed, the eighty-two bales of cotton, the payment to the Citizens' Bank, and the rate of interest. The cotton seed is proved to have been worthless; the cost of it was, therefore, properly deducted from the account. But the defendant has no claim for damages. When it was ascertained that the seed would not come up, the ground was ploughed, and replanted with other seed, and a fair crop was made : a planter suffers no injury by being compelled to give his land an extra ploughing at the proper season.

There is no evidence of a written agreement of the defendant, to pay conventional interest ; and as he objects peremptorily to the rate charged, it must be reduced to legal interest. The payments made by the plaintiff to the Citizens' Bank, which the experts had rejected, are fully proved ; and he is entitled to be credited with their amount.

The plaintiff called upon the defendant, to answer on oath, whether every item in the account was not correct, and to point out the incorrect items. The defendant answered, that, having kept no copy of the orders sent, and taken no account of the articles received, it was not in his power to say whether most of the items charged were correct or not. But he further answered, that the account was incorrect in this, that he ought to have been credited with the proceeds of the eighty-two bales of cotton, of the same date as that of the other lot sold ; and at the price of seventeen to eighteen cents per pound, or whatever was the market value of such cotton at the time ; because he instructed the plaintiff, both before he left the city, in March, 1839, and afterwards, to sell ; and he held on, against the defendant's wishes, until the market fell much lower.

The plaintiff moved to strike out this portion of the answer to the interrogatory, on the ground that it was not a categorical answer, and was not closely linked with the question put ; and that the defendant could not thus make evidence for himself, on the subject of his directions in relation to the sale of the cotton, upon which he had not been questioned. The motion to strike out was overruled, and the plaintiff took a bill of exceptions.

This is quite an embarrassing question. Under the authority of the cases of *Taylor* and *Hood* v. *Morgan*, 1 M. R. 198, and *Nichols* v. *Pierce*, 6 N. S. 707, this portion of the answer might, perhaps, be admitted in evidence. It is not necessary, however, to determine whether it should be. For, admitting that the plaintiff received instructions to sell in March, 1839, the question still remains, whether, under the facts of this case, these instructions were sufficient to render him liable for the highest market price, if he disobeyed them, and the market subsequently fell.

This question was elaborately examined, in the case of *Ward & Co.* v. *Warfield et al.*, 3d Ann. 464. The court, in that case, recognizing fully the principle, that the agent who disobeys instructions renders himself responsible to his principal for the consequences of his acts, further held, under another principle of the law of agency, that, where an agent has committed a breach of orders, and the principal, with a full knowledge of all the consequences, adopts his acts, even for a moment, he will be bound by them ; and that it is not ne-

<div align="right">FLOWER
<i>v.</i>
DOWNS.</div>

cessary that such an assent should be express—it may be inferred from the conduct of the principal.

The case was one of an invoice of cotton, sent to the plaintiffs for sale here, and shipped by them to Liverpool. They had the cotton appraised by brokers, at the time of the shipment; and wrote to the defendants, that, as they had acted without orders, they would, if desired, allow the price here, and take the shipment on their own account. The letter to the *Warfields* bore date the 27th March, and was received by them before the 5th April. They did not answer it until the 9th May, and after news had been received of a serious decline in cotton at Liverpool. Upon the authority of *Prince* v. *Clark*, 1 Barnwall and Creswell, 186, the court held that the *Warfields* were bound to answer, within a reasonable time, the letter of *Ward & Co.*, informing them of the breach of orders ; and either adopt the act of the agents, or repudiate it, and place the shipment at their risk ; that they had no right to wait the fluctuations of the market before answering, and that as they had done so, they must be considered as having taken the chance of a rise or fall in prices.

There is no evidence in this record, showing that the cotton was ever placed at the plaintiff's risk, and the letters of the defendant contain no intimation of his intention so to place it, till after it had been sold in England, and the account of sales rendered. In one of those letters, bearing date the 23d April, nearly two months after the instructions to sell were given, the plaintiff says : "I do not yet fear for the cotton market."

On the 1st August, he writes from Kentucky : "You exercised a sound discretion in not selling, under the depression occasioned by the news by the Great Western. Yet, I hope you will not have let the opportunity pass, of selling during the rise caused by the news by the Liverpool ; for we can scarcely receive better news, and may have worse."

At the date of this letter, the defendant must be considered as still intending to run the chances of the market ; and if cotton had risen, as he anticipated, and the plaintiff had sold, nothing could have been claimed beyond the price received, although that price might have been much lower than the market price in April and May. The fact that the rise did not take place cannot affect the legal question. It is true, the plaintiff shipped without orders ; but as the price he obtained was higher than the market price here, at any time after the shipment, the defendant sustained no injury by the breach of orders, and would have no action against the plaintiff, even if he had notified him in time that he would not take the risks of the shipment.

We are of opinion, that this portion of the defendant's claim cannot be allowed. There is abundant evidence in the record, showing the plaintiff to have been a careless and inefficient factor. The defendant suffered inconvenience, and probably loss, in consequence of those deficiencies ; but he has not made out a case in which we can afford him relief.

It is therefore ordered, adjudged and decreed, that the judgment in this case be amended ; and that the plaintiff recover from the defendant the sum of $3438 43, with interest at the rate of five per cent per annum, from the 6th January, 1840, till paid, and costs in both courts.