(97 South. 330)

No. 25591.

## Succession of GILMORE.

(June 4, 1923. Rehearing Denied July 11, 1923.)

*(Syllabus by Editorial Staff.)*

**1. Husband and wife ⬅⬆275—After liquidation of community except as to particular property and husband's forfeiture of usufruct, children held entitled to their share of rents.**

Where community had been fully liquidated and assets divided except as to particular real estate, and surviving husband had lost usufruct under Civ. Code, art. 916, by second marriage, daughters who were of full age were entitled to receive their half of the rentals of such property.

**2. Partition ⬅⬆12(1)—Surviving husband may demand partition of community property if unwilling to hold in common with daughters.**

Where community had been fully liquidated and assets )divided except as to particular real estate, and surviving husband had lost usufruct by second marriage, if unwilling to hold such real estate in common with his daughters he had right to demand partition under Civ. Code, art. 1289.

**3. Principal and agent ⬅⬆171(1)—Mandate; unauthorized act ratified by acceptance of benefits and failure to repudiate immediately.**

Under Civ. Code, art. 3010, unauthorized contract of agent is ratified by principal, who, when notified thereof, does not immediately repudiate it, but accepts benefits arising thereunder.

**4. Principal and agent ⬅⬆171(3)—Mandate; agent's lease held binding by ratification when principal accepted rents.**

Where one of the undivided owners of real estate was notified of real estate agent's lease of the property and received and accepted his share of the monthly rentals and demanded delivery to him of the rent notes, the lease was binding upon him by ratification.

**5. Husband and wife ⬅⬆275—Daughters entitled to their mother's share of rentals not required to surrender rent notes to their father.**

Where community had been fully liquidated except as to certain real estate and husband's usufruct had been terminated by second marriage, as daughters were entitled to half of rentals of such real estate, where the husband was being paid \his share monthly, there was no good reason for requiring surrender of the rent notes to him by bank with which they had been deposited for joint account of him and the daughters.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

In the matter of the succession of Elizabeth Gilmore. On rule by Hugh Gilmore against the City Branch of the Whitney Central Trust & Savings Bank and others. From a judgment dismissing the rule, plaintiff appeals. Affirmed.

J. C. Gilmore and Thos. Gilmore, both of New Orleans, for appellant.

Joseph Sinai, of New Orleans, for appellees Welker, Nebel, and Finck.

Legier & Gleason and D. V. Doussan, all of New Orleans, for appellee City Branch of Whitney Cent. Trust & Savings Bank.

LAND, J. This is a proceeding by rule on behalf of Hugh Gilmore to compel the City Branch of the Whitney Central Trust & Savings Bank, and the three daughters of plaintiff, the issue of his marriage with Elizabeth Clark, deceased, to deliver to him as the surviving spouse of the community of acquets and gains formerly existing between him and his said wife, certain rent notes in the possession of said bank, and representing the rentals of two stores on South Rampart street in the city of New Orleans; said property forming a part of the assets of said community.

Plaintiff in rule alleges that said bank is illegally detaining from him said rent notes, and is thereby interfering with his administration and settlement of said community and the partition of its property.

The evidence shows that plaintiff married Elizabeth Clark in the year 1885; that she died intestate in the year 1906, leaving three daughters; that plaintiff as surviving spouse and as usufructuary was placed in possession of all of the property belonging to said

community by a judgment of the civil district court of the parish of Orleans; that the debts of said community have been paid; and that all of its property has been sold and the proceeds divided between plaintiff and his three daughters, in the proportions of one-half to plaintiff and of one-sixth to each of his daughters, with the exception of these two stores on South Rampart street.

The evidence further shows that plaintiff married Augusta Brunning in the year 1909, thereby forfeiting his right as surviving spouse to the usufruct of the half of the community property falling to his daughters at the death of his first wife. R. C. C. art. 916.

The succession of Elizabeth Clark was closed by plaintiff being placed in possession of all of the community property as surviving spouse and as usufructuary by the judgment of the civil district court of date June 14, 1906.

[1] The community having been fully liquidated, its assets divided, except as to this store property, and plaintiff having lost his usufruct by his second marriage, his daughters, who are of full age, are entitled to receive their half of the monthly rentals of this property.

[2] If plaintiff is unwilling any longer to hold and enjoy this store property with his daughters in common, he has the right as co-owner to demand its partition immediately, and without any legal restraint from them. R. C. C. art. 1289.

The evidence also shows that S. L. Jacobs, the real estate agent, whose authority to lease these stores is denied by plaintiff in his petition, notified plaintiff by letter that he had leased this property for a term of 10 years at a monthly rental of $300, with the obligation on the part of the tenant to make all repairs, and to pay all increase in taxes over the present value of said property; that the said Jacobs had delivered said lease to the daughters of plaintiff, and had deposited said rent notes in the City Branch of the Whitney Central Bank to the joint account of the plaintiff and of his daughters; and that plaintiff has received and accepted his half of said rentals monthly.

[3] An unauthorized contract of an agent is ratified by the principal, who, when notified of such contract, does not immediately repudiate it, but accepts the benefit arising under such contract. Ward v. Warfield, 3 La. Ann. 468; Flower v. Downs, 6 La. Ann. 540; Szymanski v. Plassan, 20 La. Ann. 92, 96 Am. Dec. 382; Mangum v. Bell, 20 La. Ann. 215; R. C. C. art. 3010.

[4, 5] The lease on these stores is therefore valid through ratification and is binding upon plaintiff, who has assumed the inconsistent position in this case of demanding the delivery of these notes to him, and, at the same time, attacking their validity for want of authority upon the part of the agent securing their execution. The usufruct of plaintiff having terminated by his second marriage, and the community having been liquidated, with the exception of this store property, his daughters have the right to receive their half of the rentals derived from this property, and, as plaintiff is paid each month his half of said rental, we see no good or just reason why the notes in question should be taken from their present custody and delivered to plaintiff.

The judgment of the lower court dismissing plaintiff's rule is correct, and is affirmed, at appellant's cost.