### No. 10,049
### Orleans

**JOHN MOURI v. J. MANGUNO AND SON,**
**Appellant**

(Oct. 5, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Mandate—Par. 85, 88, 89.**

A principal when informed of an agent's unauthorized act must repudiate it at once or he will be bound by it.

2. **Louisiana Digest—Mandate—Par. 74, 76.**

A third person acting in good faith will not be permitted to suffer where an agent clothed with apparent authority disobeys the private instructions of his principal.

Appeal from the First City Court, Division "B", Hon. Val. J. Stentz, Judge.

This is a suit for the recovery of money paid out for the account of the defendants. There was judgment for plaintiff as prayed for and defendants appealed.

Judgment affirmed.

G. R. Bossetta, of New Orleans, attorney for plaintiff, appellee.

R. A. Tichenor, of New Orleans, attorney for defendants, appellants.

CLAIBORNE, J. This is a suit for the recovery of money paid out for account of the defendants.

Plaintiff, a resident of Long Beach, Mississippi, alleged that the defendants, who are residents of New Orleans, sent out Louis Forte to Long Beach to select, purchase, and ship to them turnips; that the said Forte could not purchase turnips unless he paid for them cash; that thereupon Forte phoned to defendants for authority to get some one at Long Beach to advance the cash to pay for the turnips; that the defendants authorized him to do so, and promised to pay cash for the same on delivery; that Forte asked plaintiff to advance the money to pay for the turnips explaining to him his authority from Manguno; that plaintiff, through Tony Stallone, then phoned to the defendants to ask them whether it would be all right for him to pay for the turnips purchased by Forte to which defendants answered that it would be all right and that they would pay for the turnips C. O. D.; that acting under this authority plaintiff paid for the turnips selected and purchased by Forte for the defendants, and shipped them by express C. O. D. to the defendants; that he paid for

the turnips_____$255.58
and for telephones_____    5.40

making a total of_____$260.98
that the defendants accepted and
paid for two barrels paying___  ___ 11.20

leaving a balance due_____$249.78

and refused to accept delivery of the other barrels; that owing to the perishable nature of the turnips and in order to minimize the loss plaintiff caused the other barrels of turnips to be sold by Taormina and Co., which realized, after paying expenses of storage, freight, drayage, loading, and commission, a net balance of $31.58, leaving

a balance due to plaintiff of $218.20 for which he claims judgment.

For answer the defendants admitted having talked with someone over the phone in reference to the shipment; in this conversation the person talking to your respondents was informed that if the turnips were of the grade specified, that is would run from 5 to 6 dozen bunches per barrel, that respondents would pay, for the same if shipped C. O. D."; they admitted that they refused to accept the shipment; but denied all the other allegations of the petition. They further averred that sometime during January, 1925, Louis Forte came to respondent's place of business and represented that he thought that he could purchase some turnips on the Gulf Coast of Mississippi and was told that your respondents would pay him 75c per dozen for turnips of the size 5 to 6 dozen bunches to the barrel and the said Louis Forte was instructed to ship the turnips C. O. D. Respondents had agreed to buy from the said Louis Forte, and agreed to pay the price agreed upon, but he was not in any way authorized to make purchase for account of your respondents or to make any of the arrangements as set forth in plaintiff's petition. Respondents aver that the shipment of turnips referred to were not of the class of goods which respondents agreed to buy from the said Louis Forte.

Upon inspection respondents found that the turnips were inferior in quality and were so very small that the barrel contained from 11 to 13 dozen bunches per barrel, the market value of which was not the price which respondents agreed to pay for as per verbal arrangement with the said Louis Forte.

There was judgment for the plaintiff as prayed for, and defendants have appealed.

The question for solution is, did the defendants employ Forte to go out and purchase turnips for their account, or did

the defendants merely agree to buy from Forte turnips for a stipulated price, provided they averaged a certain size of 5 or 6 dozen bunches to the barrel?

It would serve no useful purpose to reproduce the lenghty testimony in this case or to compare or contrast it.

The testimony fully established to our satisfaction that the defendants employed Louis Forte to proceed to the Mississippi Coast, and there to buy turnips for account of the defendants at a price not to exceed 75c per dozen bunches F. O. B. railroad. Forte was to act as a buyer for account of the defendants. His compensation was to be the difference between the price he paid for them and the 75c the defendants authorized him to pay for them. The defendants advanced him $5.00 to pay his fare out to Gulfport, and supplied him with some 100 tags bearing the inscription "J. M. and S." (John Manguno and Son).

When Forte arrived in Long Beach he found many turnips; but no farmer would sell otherwise than on terms of "cash and carry". Forte then advised the defendants of the situation. They told him to ship all he could C. O. D.

Forte then called upon his countryman, John Mouri, plaintiff in this case, and asked him to pay the farmers and that he would get his money back in 24 or 36 hours. In order to verify Forte's statement, Mouri called in another compatriot, Tony Stallone by name. They both testify that they acquainted one of the defendants, Peter Manguno, with what Forte had told them and asked him whether it would be all right for Mouri to pay for the turnips. Manguno answered that it made no difference to him as he would pay C. O. D. for the turnips.

Thereupon Mouri took Forte in a truck to different farmers. Forte selected the turnips and helped to pack them in barrels, and Mouri paid cash for them. Mouri then shipped the barrels in his name to the defendants C. O. D. The defendants refused to accept all but two barrels, on the ground that the turnips were too small; that they had instructed Forte to buy turnips 5 or 6 dozen bunches to the barrel, while those shipped to him averaged 12 dozen bunches to the barrel. However they offered $4.00 a barrel for them which plaintiff refused. The rejected barrels were sold by Taormina and realized net $31.58.

The defendant, Peter Manguno, denied that Forte informed him that he would get Mouri to pay for the turnips. But in that he is contradicted by Forte, by Mouri, and by Stallone.

It is evident that Mouri's hesitation to pay for the turnips was overcome by Manguno's answers in the telephone. Mouri's testimony is likely. For turnips were scarce and high, and what difference was it to defendants when they paid C. O. D. whether the money went to the farmer or to Mouri?

Having been informed of Mouri's intention to pay for the turnips, Manguno should have protested against such action and informed Mouri that Forte had no authority to act for him. Having remained silent Manguno has acquiesced in Forte's action and is liable to the plaintiff.

A principal, when informed of an agent's unauthorized act, must repudiate it at once or he will be bound by it. 1 N. D. 838 No. 11; State vs. Frisch, 45 La. Ann. 1284, 14 South. 132.

The defendants' complaint about the size of the turnips does not concern the plaintiff. All he was interested in knowing was that Forte was authorized to buy the turnips and to get him to pay for them. He did not know that Forte had been limited, if such is the fact, to the purchase of turnips of a particular size. That was a matter between Forte and the defendants exclusively. Conrad vs. LeBlanc, 29 La.

Ann. 126; Walker vs. Cassaway, 4 La. Ann. 20; 1 H. D. 837, No. 7.

Judgment affirmed.