BLANCHARD v. PATTERSON ET AL.

(January 21, 1929.   Opinion and Decree.)

C. E. Loeb Savoy, of New Orleans, attorney for plaintiff, appellee.

James G. Schillin, of New Orleans, attorney for defendant, appellant.

JONES, J.  The suit in this case was originally filed against Alonzo C. Patterson, Gus Coin and Max Fink, a partnership operating a cafe business in New Orleans under the name of "La Vida Restaurant," for $157.50.

Petitioner, a cabaret entertainer, alleges as follows:

She made a written contract on the 15th day of November, 1927, with La Vida Cafe, for a period of four weeks, at a salary of $150.00 per week, with an option of an additional four weeks, the said contract being signed by herself and Max Fink, one of the defendants; she rendered services for four weeks and at the termination of that period defendants exercised their option by employing her for an additional four weeks; at the end of the second week of the renewed contract, defendants withheld from her $50.00 of the amount due, but promised to pay it later, and she, relying on their promises, continued to render services for an additional five days, when she was taken ill, and upon her recovery was dismissed by Alonzo Patterson, one of the· defendants; she offered her services repeatedly, but was constantly refused by defendants; there is a balance due her of $157.50, composed of two items—one of $50.00, balance due on the first week of the new contract, and $107.50 for five days which she worked on the second week of the renewed contract.

Petitioner prays that each of the defendants be duly served with petition and after trial there be judgment in her favor and against the said defendants, condemning them to pay her $157.50, with legal interest and all costs. Petitioner further prays for all general and equitable relief.

Attached to the petition is the original contract sued on, which reads in part as follows:·

"ARTIST CONTRACT

"AGREEMENT, made this 15th day of November, 1927, between LA VIDA CAFE of New Orleans, La., * * * Manager and * * * JERRY BLANCHARD of Chicago, Ill. * * * Artists.

"The Manager hereby engages the artists as BLUES SINGER for a period of FOUR weeks or more, transportation ONE WAY, commencing on or about Nov. 19th, 1927.

"In consideration of which the manager agrees to pay to said artist the sum of ONE HUNDRED & FIFTY Dollars ($150) per week, less 10% to be deducted by said manager and payable to Parent Entertainment Service. * * *

"Manager—Max Fink (Signed)
"Artists—Jerry Blanchard (Signed)"

The three defendants were duly served with a copy of the petition. Max Fink answered, admitting the contract, but denying the indebtedness and further alleging that he was employed as a musical director with power to engage entertainers, but that he had never been a partner in the business, and that he was in no way liable for any of the cafe's indebtedness. Shortly after the filing of this answer, on motion of plaintiff, the suit against Max Fink was dismissed.

As Gus Coin never filed any answer, judgment by default was rendered against him in the full amount claimed, and no appeal has been taken from that judgment. Alonzo Patterson filed an exception of no cause of action, along with an answer which amounted to a general denial, coupled with a special denial of Max Fink's agency.

At the trial on the merits, Patterson failed to appear, though duly notified, and after full hearing there was judgment against him in the full sum of $157.50, with interest and costs. From this judgment he has appealed to this court.

Here he urges two defenses: First, his exception of no cause of action, and, second, that plaintiff was not entitled to a judgment for the full amount claimed against him, as she did not aver that the partnership was commercial and she did not pray for a judgment in solido.

The exception of no cause of action is grounded on the fact that petitioner alleges a contract for four weeks' service at $150.00 per week and that she admits payment of this amount, thereby leaving nothing due.

This argument is unsound, because the petition avers—and for the purpose of this exception that allegation must be taken as true—that the contract contained an option for an additional four weeks' employment, and that the defendants exercised this option and continued her employment. This allegation is sustained by the second paragraph of the above quoted contract, which reads: "for a period of four weeks or more." Moreover, the uncontradicted evidence shows that Patterson himself employed the young lady for an additional period, after the end of the first four weeks, and that he paid her himself $100.00 on the second week. There is nothing unusual in such a contract, and such provisions have been recognized by this court and the Supreme Court.

"A contract for the hiring of services may also be continued by reconduction."

General Automatic Fire Alarm Co. vs. N. O. & N. E. R. R., 115 La. 633, 39 So. 738; Newman vs. Longshoremen's Ben. Ass'n., 11 Orl. App. 38; T. J. Sullivan vs. N. O. Stone & Heading Co., Ltd., 44 La. Ann. 787, 11 So. 89.

Appellant also contends that Max Fink was never authorized by him to employ the young lady, but this contention, even if true, has no merit here, because the evidence shows beyond all doubt that Pat-

terson himself ratified the contract by paying the young lady by re-employing her and by paying her for additional time.

"The acts of an agent, even if unauthorized by his mandate, or any violation thereof, are considered as ratified by the principal by acquiescence, if, after knowledge of the same, he does not repudiate it."

Succession of Gilmore, 154 La. 105, 97 So. 330; R. C. C. 3010; R. C. C. 3016.

A partnership formed for the operation of a cafe or restaurant is a commercial partnership.

· "A commercial partnership is such as is formed for the purchase of any personal property, and the selling thereof, either in the same state or changed by manufacture."

R. C. C. Art. 2825; Shreveport Ice & Brewing Co. vs. Mandel Bros., 128 La. 314, 54 So. 831.

As the suit was filed against the firm, which the law declares to be a commercial partnership, and as the Civil Code declares that commercial partnerships are bound in solido for the debts of the partnership, a prayer for judgment in solido was not sacramental, but the lower court was justified in rendering judgment against Patterson for the entire amount on the allegation in the petition that each of the parties was individually indebted for the entire amount, and on the prayer for general and equitable relief. On this point see the following authorities:

"As the suit is against persons bound in solido, according to the provisions of law which define the obligations arising on the contracts of commercial partners, the judgment carries with it solidarity even though it be not expressed."

Prall vs. Peet's Curator, 3 La. 283;

Taylor, Knapp & Co. vs. W. J. Hancock & Co., 14 La. Ann. 693; Chapman vs. Early, et al., 12 La. 230; Wm. R. Bell vs. Massey & Poultney, 14 La. Ann. 831; R. C. C. Art. 2093.

For the reasons assigned the judgment is affirmed.