### No. 11,799

### Orleans

## THE STEVENS-DAVIS CO. v. LIBERTY INDUSTRIAL LIFE INS. CO., INC.

(February 17, 1930. Opinion and Decree.)
(March 10, 1930. Rehearing Refused.)

**578**

Milling, Godchaux, Saal & Milling, of New Orleans, and Lawrence K. Benson, of Hammond, attorneys for plaintiff, appellee.

F. B. Smith, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff sued defendant for the sum of $319.50, the balance due on an alleged contract entered into between plaintiff and defendant. Defendant denied liability, and specially pleaded want of authority of its officer to sign the contract. There was judgment in favor of the plaintiff as prayed for, and the defendant has appealed.

The record shows that H. M. Roberts, a representative of plaintiff, during the month of July, 1926, called upon S. W. Green, president of the Liberty Industrial Life Insurance Company, with the view of obtaining a contract for the purchase of 52 weekly installments of "Vest Pocket Logics," articles and reading matter designed for the purpose of increasing the efficiency of salesmen in securing subscriptions for insurance policies. After considerable discussion and negotiation, as well as addresses made by the plaintiff's representa-

tive to the agents and officers of the defendant company, a contract was entered into between plaintiff and defendant on July 31, 1926. The contract is signed by the Liberty Industrial Life Insurance Company by R. L. Johnson, manager. It appears that Johnson was not only the manager of the company, but also its general superintendent.

The booklets, etc., were sent to the defendant company, attention of Mr. Johnson, as per the contract. The Vest Pocket Logic System consisted of 52 weekly installments, and was neither returned nor tendered to the plaintiff by the defendant.

The plaintiff contends that the contract was entered into with the defendant company, and in the alternative that, if Johnson did not have authority to sign the contract, the contract was ratified and approved by the officers of the company by accepting and using the material and articles for its use and benefit.

The defendant contends that it was verbally agreed between Roberts, the representative of the plaintiff, and Johnson, the representative of the defendant, that Johnson was signing the contract, not for the benefit of the defendant company, but for the benefit of its agents, who would pay the sum of $6.50 per week for each of the 52 weekly installments, and that Johnson was without authority to sign the contract in behalf of the defendant company.

The evidence in support of plaintiff's contention that Johnson was authorized to sign the contract as manager and general superintendent of the defendant company is impressive, but, without deciding this issue, it is sufficient to say that the record convinces us that Johnson's action in signing the contract was ratified and approved by the defendant company. When the con-

tract was signed, it was returned to the plaintiff's home office, and on August 3, 1926, plaintiff wrote to the defendant acknowledging receipt of the contract, and assuring the defendant of its prompt execution. S. W. Green, president of the defendant company, admits receiving this letter, and that he did not answer the letter and protest that the articles were sold to the agents of the defendant company and not to the company itself, or that Johnson was without authority to sign the contract on behalf of the defendant company.

Plaintiff wrote defendant a number of letters requesting payment, and on April 12, 1927, Johnson, as general superintendent of the defendant company, wrote plaintiff as follows:

"The matter regarding the account of your Company will be taken up Thursday in the Board Meeting of the Liberty Industrial Life Insurance Company and I feel sure we will be able to mail you a check in full covering the amount due for services rendered.

"We shall endeavor to give you no further trouble in writing letters."

The plaintiff shipped to the defendant company the articles that were called for under the terms of the contract, and the defendant at no time protested that Johnson was without authority to sign the contract, and that the contract was only with the agents of the defendant company. In fact, the articles and reading matter were used by the defendant company for its own benefit, and it is admitted that defendant made no effort to return or tender the return of the articles and the reading matter of the plaintiff.

In the case of Fred G. Jones & Co. vs. Sanford, 163 La. 799, 112 So. 726, 727, the court said:

"* * * There is nothing here suggesting, even in the remotest, a lack of authority in the manager to accept the order. Where an agent exceeds his authority it is the duty of the principal to promptly disavow the agent's authority to bind him, else the principal will be bound. As defendant, when knowledge of the manager's acceptance came to him, failed to disavow the manager's authority to bind him by the acceptance, he became bound thereby, and in the absence of such a disavowal, anything defendant may have added to the order, as accepted by his agent, was not binding on plaintiff, without its consent * * *"

In the case of Woods, Slayback & Co. vs. Rocchi, 32 La. Ann. 210, the court said:

"* * * The contract, as actually made by the broker on behalf of Rocchi, was brought to his knowledge in ample time for him to have prevented the delivery of nearly half the goods bought. He did not repudiate the contract made for him by his agent or his pretended agent, and in law he is presumed to have ratified it. Pitts v. Shubert, 11 La. 286, 30 Am. Dec. 718; Bonneau v. Poydras, 2 Rob. 1; Guimbillot vs. Abat, 6 Rob. 284."

See, also, 14a Corpus Juris, p. 373, par. 2232; Da Ponte v. Ogden, 161 La. 378, 108 So. 777; Johnson v. Carrere, 45 La. Ann. 847, 13 So. 195; Blanchard vs. Patterson, 9 La. App. 706, 119 So. 902; Mouri vs. Manguno & Son, 3 La. App. 15.

The rule as to retention of benefits is announced in Succession of Gilmore, 154 La. 105, 97 So. 330, 331:

"An unauthorized contract of an agent is ratified by the principal, who, when notified of such contract, does not immediately repudiate it, but accepts the benefit arising under such contract. Ward v. Warfield, 3 La. Ann. 468; Flower vs. Downs, 6 La. Ann. 540; Szymanski v. Plassan, 20 La. Ann. 92, 96 Am. Dec. 382; Mangum v. Bell, 20 La. Ann. 215; R. C. C. art. 3010."

For the reasons assigned, the judgment appealed from is affirmed.