121 So.2d 18 (1960)
Nathan O. FRANCIS, Plaintiff-Appellant,
v.
Ted R. BARTLETT, Defendant-Appellee.
No. 9229.
Court of Appeal of Louisiana, Second Circuit.
May 23, 1960.
*19 Bryant W. Conway, Baker, A. J. Spedale, Baton Rouge, Lloyd G. Teekell, Alexandria, for appellant.
John R. Hunter, Jr., Alexandria, for appellee.
*20 AYRES, Judge.
Plaintiff and defendant are co-lessees in a lease from the United States Government of a 40-acre tract of land situated in Rapides Parish, Louisiana, by virtue of which they acquired the exclusive right to mine, remove, and sell all gravel deposits located on said land for a period of 10 years, commencing July 1, 1953. For the rights received, lessees obligated themselves to begin operations pursuant to the terms of the agreement within six months from the aforesaid date, and to continue to pursue such operations with due diligence. Among the benefits to accrue to the Government as a consideration for the execution of the lease was the obligation of the lessees to pay a royalty of ten cents per cubic yard for all gravel mined, sold, or otherwise disposed of.
For a time, the development of the property, the operation of the gravel pits, and the sale of the gravel were conducted, apparently, without any formal agreement between plaintiff and defendant. However, all such operations were under the direct control and management of the defendant. Plaintiff's inaction can probably be accounted for by his physical incapability and disability. Defendant mined, removed, and sold the gravel, none of the expense or burden of which was paid or borne by the plaintiff.
However, during the interval of April 27, 1955, to March 26, 1957, plaintiff was paid, by defendant, a portion of the proceeds of the gravel sold at the rate of two-and-a-half cents per cubic yard, denominated an overriding royalty. The payments aggregated the sum of $969.96 and were made in accordance with a written power of attorney executed by plaintiff to defendant April 27, 1955.
Notwithstanding the payment and acceptance of the aforesaid sum, plaintiff, March 26, 1957, instituted this action against the defendant wherein he prayed (1) that he be awarded $5,908.30 as damages for the imprudent operation of the gravel pit, (2) that an accounting be required of the defendant for his operations, and (3), in the alternative, that the leased premises be partitioned by licitation. To plaintiff's action, defendant first interposed an exception of no cause and of no right of action, and then, with reservation of all rights under the exception, alleged, in his answer, that plaintiff had not borne any of the obligations, burdens, or expenses of the development of the property, or of the operations of the gravel pit, or incidental to the sale of the gravel; that plaintiff's only interest in the lease was the right to receive an overriding royalty as specified in the power of attorney, reference to which has already been made, for all gravel mined and sold.
All of plaintiff's claims, however, have been abandoned save and except the demand for $969.96, allegedly due for gravel mined and sold from the date of the execution of the aforesaid mandate to the filing of this suit. The basis of this claim is plaintiff's contention that the royalty payable to him was five cents per cubic yard of gravel instead of two-and-a-half cents, at which rate he was paid.
On trial, plaintiff asserted that the power of attorney, or mandate, was null and void for the reasons (1) that it was obtained through fraud and error and (2) that it was intended to apply only to the sale of gravel to Witte Gravel Company. Nowhere is it contended that plaintiff ever revoked the authority conferred by him upon defendant.
After trial, it was concluded by the court that the agreement between the parties, in the form of and as evidenced by the written power of attorney, was in full force and effect, and that plaintiff had been paid in accordance with its terms. Plaintiff's demands were accordingly rejected and he has appealed.
We find no merit in the contention that the power of attorney was obtained or executed through fraud or error. What *21 the error consisted of is neither alleged nor proved. The contention as to fraud is predicated upon plaintiff's claim that, whereas the agreement was intended to apply solely to the sale of gravel to Witte Gravel Company, defendant utilized it to reduce plaintiff's royalties on all sales from five cents to two-and-a-half cents per cubic yard of gravel sold. The language of the agreement is clear, unambiguous, and unequivocal. The royalty payable to plaintiff is definitely fixed. No exceptions are specified. No fraud or error is shown in the procuration or confection of the mandate.
Nor has plaintiff ever taken any action to revoke the power of attorney. There is no question of a principal's right, except in cases of irrevocable powers of attorney, to revoke his power of attorney whenever he desires or thinks necessary. LSA-C.C. Art. 3028. This may be accomplished by the sole action of the principal without the aid or intervention of any court.
It may be appropriate to here observe that the right of a litigant to demand that a court do for him that which he may legally do for himself, to say the least, is very questionable. Of course, after a revocation of a power of attorney, the authority of the courts may be invoked to compel the surrender by an agent, and the delivery to his principal, of the written instrument containing or evidencing the power of attorney.
We, therefore, conclude, as did the trial court, that the power of attorney, during the interval of time herein involved, was in full force and effect.
Plaintiff's position is untenable for the further reason that, where a party with full knowledge of all the facts accepts the benefit of a contract, he is deemed to have ratified, and is precluded from repudiating, the agreement. For a period of almost two years, while in possession of all the facts pertaining to the giving of the power of attorney, plaintiff accepted the royalty payments in accordance with its terms. It is elementary that a principal cannot avail himself of such acts in an unauthorized transaction as are beneficial to him and repudiate such as are detrimental. A principle of law, well established and recognized, is that, where a person acts for another who accepts or retains the benefits or proceeds of his efforts with knowledge of the material facts surrounding the transaction, the latter must be deemed to have ratified the methods employed as he may not receive or retain the benefits and disclaim responsibility for the measures by which they were acquired. 2 Am. Jur., p. 181, "Agency," § 227; 2 C.J.S. Agency, § 49, p. 1097.
The jurisprudence of this State is in accord with the aforesaid principle. Thus, it has been held that, where an agent acts beyond the scope of his authority but the principal accepts and insists on retaining the benefits and advantages of a fraudulent transaction, the action of the principal constitutes a ratification of the acts of his agent. American Guaranty Co. v. Sunset Realty & Planting Co. et al., 208 La. 772, 23 So.2d 409, 451; Fred G. Jones & Co. v. Sanford, 163 La. 799, 112 So. 726; Da Ponte v. Ogden et al., 161 La. 378, 108 So. 777; Succession of Gilmore, 154 La. 105, 97 So. 330; Johnson v. Carrere, 45 La.Ann. 847, 13 So. 195; Starr v. Zacharie, 18 La. 517; Dupre v. Splane, 16 La. 51; Mitchell v. Alamis Co., La. App., 48 So.2d 278; Stevens-Davis Co. v. Liberty Industrial Life Ins. Co., 12 La. App. 577, 126 So. 249; Blanchard v. Patterson, 9 La.App. 706, 119 So. 902.
For the aforesaid reasons, the judgment appealed should be, and it is hereby, affirmed at appellant's cost.
Affirmed.