LOTTINGER, Judge.
This is a suit on an open account, wherein the plaintiff, Joe Hearin, d/b/a Hearin Lumber Company, hereinafter referred to as Hearin, alleges that he sold and delivered to the defendant, Ezra “Joe” Albin, d/b/a AAA Building Supply, hereinafter referred to as Albin, certain merchandise, consisting primarily of lumber, and said merchandise was not paid for. The defendant Albin admits purchasing the merchandise, but denies that he has failed to pay for same, contending that Cliff Russell, doing business as Cliff Russell Lumber Sales, hereinafter referred to as Russell, acted as agent for the plaintiff in this transaction and that defendant made payment in full to Russell as evidenced by cancelled checks. In the alternative that the Trial Court would not find the defendant’s payment to Russell as a discharge of his obligation to plaintiff, Albin’s third party demanded Cliff Russell. The Trial Court rendered judgment in favor of the plaintiff and against the defendant, and in turn in favor of the third party plaintiff, Albin, and against the third party defendant, Russell. From this judgment Albin has perfected this appeal.
The record points out that a train load of lumber was en route from Portland, Oregon to an intended purchaser in Houston, Texas. That for some reason, the purchaser in Texas could not use the lumber or did not need the lumber. Cliff Russell found out about this situation, and as a lumber broker, he contacted the defendant, Albin, and got both the defendant, Albin, and the seller, Hearin, together. There is no question but that the lumber was delivered to Albin. The invoice for the lumber was sent by Hearin Lumber Company to AAA Building Supply, Albin, with a notation on the invoice that the particular account had been assigned to the U. S. National Bank of Portland, Medford, Oregon. Mr. Albin sent a check for the purchase price less the discount for prompt payment of the lumber to Cliff Russell, rather than to the assignee of the account. It was stipulated that Cliff Russell deposited Albin’s check, and when Cliff Russell attempted to pay to Hearin the amount for the lumber, Russell’s check was dishonored for insufficient funds, and subsequently payment was stopped thereon. Russell had never paid over to the plaintiff the amount owed to him by Albin and Albin had never paid any amount to Hearin.
The plaintiff, Hearin, contends that since the invoice for the lumber contained a notation that the account had been assigned to a Portland bank, the buyer was placed on notice not to tender payment to Russell. The defendant, Albin, contends that though this notation may have been on the invoice, and though he paid Russell the purchase price when he was not supposed to do so, the depositing of Russell’s check by Hearin was a ratification of Russell’s acceptance of the purchase price, even though he was initially not authorized to do so.
It is without doubt that when the lumber invoice had a notation on it that the account had been assigned to the U. S. National Bank of Portland, Medford, Oregon, the purchaser, Albin, was placed on notice that the broker, Cliff Russell, was not authorized to receive payment. Any payment toward the purchase price of this *276 lumber which the purchaser made to Russell was without the authorization of the seller, and at the risk of the purchaser.
Russell was broker in this transaction, and as such he is the agent of both parties. LSA C.C. Art. 3016 provides, “The broker or intermediary is he who is employed to negotiate a matter between two parties, and who, for that reason, is considered the mandatory of both.” In Toledano v. Klingender, 6 La. 691 (1834) the Court held:
“It is only in facilitating the transaction of business in relation to the sale and purchase of produce, that the broker is considered as the common agent of the parties : The channel of communication between them. For any other purpose he is not regarded by law as the agent of either party. To justify a payment therefore made to a broker, a purchaser is bound to show, either a general custom, or a special authority from the vendor to receive payment.”
The defendant, Albin, contends that the Toledano case, supra, has been impliedly overruled by Gallioto v. Trapani, 238 La. 625, 116 So.2d 273 (1959). We do not agree. In the Gallioto case, supra, the plaintiff was buying a certain business for $12,000.00. A realtor was handling the transaction. The plaintiff deposited $3,-500.00 with the relator, and watched without objection as the realtor issued a check to the seller for $1,000.00, which was to represent payment of the merchandise then on hand in the business establishment. The plaintiff took over the business, and was disturbed in his possession, prior to the time of the final sale, by a foreclosure proceedings. The plaintiff sued the realtor and the seller for the return of the money. The realtor deposited the remaining $2,-500.00 he had in his possession in the registry of the Court. The Court held that by not protesting the transfer of the $1,000.00 to the seller and by immediately taking possession of and operating the business for his personal gain, he had ratified the actions of the realtor. We do not feel that the Gallioto case, supra, even though it makes mention that the broker is acting as agent for both parties, and owed an obligation to both, impliedly overrules the Tole-dano case, supra. There the buyer, the seller and the broker were all present at the time the transfer of the $1,000.00 took place, and the buyer knew full well all facts. Therefore, we do not find that the Gallioto case, supra, overruled the Tole-dano case, supra. The Gallioto case must rest on the facts as found therein.
The defendant, Albin, strongly contends that by depositing Russell’s check, the seller has ratified the actions of Russell in receiving payment from him. Albin has cited to this Court the cases of Jeffrey Motor Co. v. Higgins, 230 La. 857, 89 So.2d 369 (1956); Thompson v. Stacy, 148 So.2d 834, La.App. 4th Cir. (1963); Succession of Gilmore, 154 La. 105, 97 So. 330 (1923), and Skye Realty Co. v. Diversified Insurance Agency, Inc., 221 So.2d 871, La.App. 3rd Cir. (1969), for the proposition that the principal can ratify the unauthorized acts of an agent. In none of the cases cited by Albin, was the buyer, debtor, or lessee, as the case may be, aware that the agent was not authorized to do that which he was doing.
The above cases are distinguishable from the case at bar inasmuch in the instant proceeding the defendant, Albin, knew that Russell was not authorized to receive payment for the merchandise, but rather that the account had been assigned to the bank in Portland, Oregon, and payment should be made to them. Therefore, in knowing full well that Russell was not authorized to accept payment for the shipment, the defendant, Albin, made Russell his agent when he tendered payment to Russell for transmittal to the seller. By depositing Russell’s check in its account, the seller was merely accepting payment from the agent of the buyer, and therefore was not *277 ratifying any unauthorized act of receiving payment.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs to be paid by defendant-appellant.
Judgment affirmed.