BARNETTE, Judge.
This is a suit for recovery of an alleged balance due for professional services rendered by the plaintiff, a dentist, against his patient, the defendant. The defendant answered denying that he owed the alleged balance and sought by reconvention the return of a $600 payment made to the plaintiff for work not done because of the *668 plaintiff’s alleged refusal to complete the work except upon payment of the total amount of $1,055 in accordance with their agreement. Another payment of $50 was made, return of which the defendant did not pray for. The defendant also seeks by reconvention $399 additional as damage as a result of incomplete and defective dental treatment.
The trial court judge found that the plaintiff was entitled to payment of $350 for services rendered but was obligated for the return of the balance of the $650 paid by the defendant for services not rendered. There was no evidence to support and the court found no merit in defendant’s recon-ventional demand for damages. Accordingly judgment was rendered in favor of the defendant, plaintiff in reconvention, Roger L. Pippin and against the plaintiff, defendant in reconvention, Dr. William Allen, in the principal sum of $300 with legal interest and costs. The plaintiff, defendant in reconvention, Dr. Allen, has brought this suspensive appeal.
The defendant, plaintiff in reconvention, Pippin, did not appeal, nor answer the appeal. In his counsel’s brief in this court he said:
“Plaintiff, Dr. Allen chose to appeal to this court but defendant Pippin though not exactly tickled pink with the decision did not feel that the Judge had committed manifest error.”
We agree there is no manifest error in the trial court’s reasons and judgment rendered, except in the figure of $350 allowed for services rendered. There is no evidence whatever in the record to support or justify this arbitrary figure. If the plaintiff was entitled to any payment for services rendered the only amount which the evidence justifies is $527.50. We will discuss this more fully below.
The plaintiff, Dr. William B. Allen, a practicing dentist in Baton Rouge, began in October, 1972, a protracted dental treatment of his patient, Roger L. Pippin, in preparation for major bridge work, referred to as prosthetic devices. His preparatory work and treatment included repairing tooth damage, treatment of gums, filling cavities in existing teeth and grinding off teeth in preparation for cementing of permanent bridge work to replace missing teeth. Temporary bridge work was done to meet the patient’s needs until the permanent prosthetic devices were completed and in position. His agreement with Mr. Pippin was to do this preparatory work and treatment and the temporary bridge work on a pay-as-you-go basis.
This preparatory and corrective treatment and temporary bridge work continued until March, 1973. During that time Mr. Pippin made payments totalling $486.
It was agreed that the total fee for making and placing the prosthetic devices in permanent position would be done for an additional fee of $1,055, one half of which was to be paid when the order was placed for the making of the devices and the remaining one half was to be paid when they were placed in permanent position.
In March, 1973, when the time arrived to order the making of the permanent prosthetic devices, the defendant testified he requested Dr. Allen to hold up on placing the order until he could more conveniently make the required payment. This alleged request for delay is denied by Dr. Allen and the order for making the devices was placed with the dental laboratory.
When the prosthetic devices were delivered Dr. Allen made many attempts to get Mr. Pippin back to his office to complete the job. At this point their relationship appears to have broken down.
In the meantime, Dr. Allen had listed property for sale with Mr. Pippin who was a licensed real estate broker. Mr. Pippin procured a buyer who made an offer of $42,000. Dr. Allen refused the offer, holding out for $48,000. Time rocked on with no further dental services being performed *669 but repeated demands for payment of the alleged balance due of $1,055 were made.
Dr. Allen listed his property with another real estate broker (who in turn engaged another agent to assist on a split commission basis). A buyer was found and the sale agreed upon. It was then discovered that the intended purchaser was the same individual whom Mr. Pippin had first interested in buying the property and that the terms of sale were substantially as Mr. Pippin had proposed. Dr. Allen then became aware of his possible liability to Mr. Pippin for the payment of the realtor’s commission of approximately $2,600.
Dr. Allen engaged the services of an attorney, Ronald L. Causey, to complete the real estate transfer and to protect his interest against his possible liability to Mr. Pippin for the realtor’s commission. Mr. Causey was successful in getting the three interested real estate brokers or agents to agree to a three way division of the fee. Mr. Pippin’s pro-rata was $880, which amount he authorized any closing attorney to pay to Mr. Causey for his account. In this act of authorization he expressly released Dr. Allen from any liability to him for payment of a real estate agent’s fee or commission.
It was agreed between Mr. Causey and Mr. Pippin that Mr. Causey would withhold $600 of the $880 fee of Mr. Pippin for remittance to Dr. Allen in payment on the balance of the dental bill and pay him, Pippin, the balance.
This deal was consummated on August 24, 1973, on which date Mr. Causey wrote a letter to Mr. Pippin stating:
“This is to advise you that I have transmitted to Dr. William D. Allen the amount of $600.00 to be applied on your account with him and further, this is to authorize you to go to Dr. Allen’s office to complete the work and services which he was doing for you and further, it is understood that you will complete payment of the balance owed to Dr. Allen at the rate of $50.00 per month until paid in full.”
Mr. Causey did not make remittance to Dr. Allen of the $600 until December 13, 1973. Apparently Dr. Allen did not know until then of the agreement between Mr. Causey, his attorney and Mr. Pippin, that the balance of the account could be paid at the rate of $50 per month. Dr. Allen renounced this agreement and demanded the payment of the balance in full before installing the permanent prosthetic devices. In the meantime (the date is not certain) a $50 payment was made by Mr. Pippin, making the total credit of $650 against the $1,055 agreed fee. This left a balance of $405 for which Dr. Allen brought this suit after the relationship between him and Mr. Pippin had broken down completely in disagreement.
Dr. Allen refused to complete the dental work except for payment in full at the time of making the permanent prosthetic devices placement. Mr. Pippin insisted upon payment as agreed with Mr. Causey, but significantly made no such payments or tender of payments, except for the one payment of $50 above mentioned.
By this long interruption in the progress of the dental treatment, the temporary bridge work wore out or badly deteriorated, as would have been expected since it was designed for temporary use only. No examination was made of Mr. Pippin’s dental condition at the time of the trial below, but Dr. Allen, very reasonably speculated that the prepared prosthetic devices would not now fit properly, due to probable “drifting” of the anchor teeth in the intervening time. He also indicated the possibility that further preparatory work would now be necessary.
Counsel for appellant,- Dr. Allen, argues in this court that Dr. Allen did not authorize his attorney, Mr. Causey, to negotiate a deal with Mr. Pippin for the payment of the balance of his account in monthly installments. He contends that Mr. Causey *670 was engaged only to negotiate a settlement of the issue of real estate agents’ commission for which he was obligated resulting from the sale of his property. He contends that his attorney exceeded his authority in negotiating a settlement of Mr. Pippin’s dental account, and he is not bound by the terms of the August 24, 1973 letter. He has cited jurisprudential authority for the principle emanating from the Civil Code Articles 3010 and 3021. He contends that the burden of proof is upon the person dealing with an agent to show that the agent (the attorney, Mr. Causey, in this case) acted within the limits of his authority.
The authorities cited are not controlling of the situation presented by the facts in this case. Dr. Allen has ratified the actions of his attorney by accepting the benefits which inured to him, which incidentally, were very substantial. We do not express an opinion whether Dr. Allen was legally obligated for the payment of a commission of $2,640 to Mr. Pippin, but he had been advised that he was so obligated, and believing this to be so, he engaged Mr. Causey to negotiate a settlement with Mr. Pippin and the two other claimants to the commission.
Mr. Causey was not called as a witness by either party and there is no explanation of their failure to do so. But we find in the record filed on behalf of Dr. Allen, plaintiff, a copy of the release by which Mr. Pippin released Dr. Allen from any further liability to him for the realtor’s commission. In pertinent part that release provides:
“That for the cash consideration of EIGHT HUNDRED EIGHTY DOLLARS AND NO/100 ($880.00) DOLLARS, he does hereby release the said William D. Allen from any liability or responsibility for the payment of any real estate fees or commissions in the event that the said property is sold to anyone including a person or persons who may have looked at the said property during the time the undersigned Af-fiant had a listing on the said property;
This is dated August 24, 1973, and notarized by Mr. Causey.
It was on this date and coincident with the execution of the release by Mr. Pippin that Mr. Causey, as Dr. Allen’s attorney, wrote and gave to Mr. Pippin the above quoted letter. The trial judge correctly admitted this letter in evidence, over the objection of counsel for Dr. Allen.
While the release executed by Mr. Pippin makes no mention of the agreement relative to the payment of $600 on his dental account out of the $880 received and the terms for payment of the remaining balance as stated in the letter, the twp instruments, when read together as they must be, clearly indicate that the settlement of Mr. Pippin’s claim for realtor’s commission took into account his off-setting debt to Dr. Allen. The $600 payment and the terms for payment of the balance are therefore a part of the total consideration for his release of Dr. Allen from liability to him for the realtor’s commission.
Dr. Allen, having accepted the benefits of Mr. Causey’s negotiations in his behalf, after all the terms became known to him, cannot now be heard to renounce that part of the agreement which he does not like. Pailet v. Ald, Inc., 194 So.2d 420 (La.App. 4th Cir.1967); Francis v. Bartlett, 121 So. 2d 18 (La.App.2d Cir.1960); Stevens-Davis Co. v. Liberty Industrial Life Ins. Co., 12 La.App. 577, 126 So. 249 (1930).
Having ratified the terms of the settlement agreement Dr. Allen is bound by its terms. But we recognize the impossibility at this late date of a successful completion of the dental procedure which the parties contracted for more than three years ago. Mr. Pippin, by his failure to follow through timely on the completion of the procedure and to comply with the terms of their agreement by payment of the re *671 quired fee of $527.50 (one half of $1,055) when the order was placed by Dr. Allen for the laboratory work in March, 1973, has contributed to the impossibility with which the parties are now confronted.
We will therefore resort to the authority vested in us by Article 2164 of the Code of Civil Procedure and render a judgment which is just, legal and proper upon the record before us on this appeal.
We find, as did the trial judge, that Dr. Allen acted pursuant to the agreement when he ordered the making of the prosthetic devices in March, 1973. There is no evidence to justify a finding of fact that Mr. Pippin timely requested him to delay placing the order with the dental laboratory. Mr. Pippin therefore became obligated at that time for the payment of $527.50.
The payment to Dr. Allen of $650 overpaid Mr. Pippin’s obligation by $122.50. He is entitled in reconvention, to reimbursement of this amount.
The trial court judge arbitrarily found that the services rendered by Dr. Allen to Mr. Pippin should be valued at $350. On this basis he found the plaintiff to have been overpaid by $300 for which amount judgment was rendered in favor of defendant, plaintiff in reconvention. The record contains no evidence or testimony to support this finding. In that respect the judgment was manifestly erroneous. We find, as above stated, that the services rendered for which payment was due the plaintiff was the making of the prosthetic devices, for which the agreed payment was one half the total contract, or $527.50.
Having paid the price for the making of the prosthetic devices, they now belong to Mr. Pippin and should be delivered to him. They may no longer be suitable for the purpose intended, and it is more probable than not that further corrective work will be necessary due to the long delay in fitting the prepared devices, but he should be free to attempt to have them fitted by another dentist if he should elect to do so or to recover the salvage of the gold content. There is no reason why he and Dr. Allen could not renegotiate their contract for completion of the needed dental work in the light of the changed conditions, if their personal conflict can be resolved.
The issue of damages alleged by the defendant, plaintiff in reconvention, and rejected by the trial court, was not appealed.
The judgment rendered in favor of Roger L. Pippin, defendant, plaintiff in re-convention, and against the plaintiff, defendant in reconvention, Dr. William Allen, in the amount of $300 is now amended and reduced to $122.50, with recognition of the ownership of the defendant, Roger L. Pippin, of the prosthetic devices made and delivered to plaintiff, Dr. William Allen, and ordering the delivery thereof to the defendant, plaintiff in reconvention, Roger L. Pippin. As thus amended the judgment is affirmed except that the cost of this appeal shall be paid by the appellee, Roger L. Pippin.

Amended and affirmed.