<div style="margin-left:0;">West'n District<br>
Sept. 1823.<br>
STEFFORD<br>
<i>vss</i><br>
GRIMBALL.</div>

extended beyond the immediate contracting parties. It is assignable. Its stipulation relates solely to real estate; and by the sale and transfer of any part of the land comprehended within said stipulations, to a third person in full right and dominion, it is believed subrogation ought to take place. Admitting the plaintiff to the benefit of this agreement, as *ayant cause*, we are of opinion that the construction given to it by the court below, and the judgment rendered on the whole evidence of the cause, are correct.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Wilson* for the plaintiff, *Baldwin* for the defendant.

---

### INNIS vs. WARE.

A trespasser cannot plead compensation nor reconvene.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The plaintiff complains that the defendant tortiously took from him nine bales of cotton, weighing 3917 lbs. and appropriated them to his own use.

The defendant pleaded the general issue, and that if he did appropriate any cotton of the plaintiff to his own use, it was not to violate any property of the latter, but to raise $540 04 due him, (the items of which were stated in an account annexed to the answer;) that he tendered the balance to the plaintiff, notwithstanding he was a debtor of the defendant to a much greater amount, but he refused receiving it; that the plaintiff owes him a balance of $276 52, according to an account annexed to the answer; for which he prayed judgment.

There was judgment for $111 70, against the plaintiff, and he appealed.

The following facts were found by the jury, on issues submitted by the plaintiff.

The defendant took, and appropriated to his own use, the cotton of the plaintiff, as stated in the petition, and the net weight was as is therein mentioned.

This was on the 15th of January, 1823.

The highest price for cotton, in New Orleans, after that time, was 14 1-2 cents per pound.

On the issues submitted by the defendant, the following facts were found.

West'n District
Sept. 1823.

INNIS
vs.
WARE.

The plaintiff, at the institution of the suit, owed $503 44 to the defendant.

The cotton was appropriated by the defendant to the payment of his wages, as the plaintiff's overseer for 1822, after he had required the plaintiff to pay said wages, and he had refused.

The lowest price given, for cotton, in New-Orleans, after the appropriation, was 7 1-4 cents per pound; as much as 14 1-4 cents was afterwards given.

At the time of the taking, the cotton was worth 10 cents per pound.

The cotton was taken on the day the defendant surrendered the plaintiff's farm and hands, and his term of service expired.

On the trial the plaintiff objected to the defendant's availing himself of the plea of compensation or re-convention. The objection was over-ruled, and he took a bill of exceptions.

We think the court erred in over-ruling the objection. Trespassers cannot avert a judgment for damages resulting from the trespass, by compensation or re-convention—*Civ. Code,* 298, *art.* 91; *Cur. Phil. peremptories,* 8 & 9.

It is, therefore, ordered, adjudged and de-

West'n District
*Sept.* 1823.

INNIS
*vs.*
WARE.

creed, that the judgment of the district court be annulled, avoided and reversed, and as the jury have found every fact, material in the decision of the case, we think the case ought not to be remanded for the assessment of damages.

The taking is found; the quantity is also found to be that stated in the petition, viz: 3917 lbs. of clean cotton; the value is found to be 10 cents per pound; the cotton taken was accordingly worth, at the time and place of the trespass, $391 70.

The highest price given afterwards *in New-Orleans,* does not appear to us to afford a legitimate ground for decision. We might as well take the price in New-York, Liverpool, or Havre de Grace.

It is, therefore, ordered, adjudged and decreed, that the plaintiff do recover from the defendant, the sum of three hundred and ninety-one dollars and twenty cents with costs in both courts.

*Scott* for the plaintiff, *Thomas* for the defendant.