No. 2960

Second Circuit

YOUNG, SR., v. WILLIAMSON

(April 9, 1931. Opinion and Decree.)
(May 7, 1931. Rehearing Refused.)

Gunter & McClung, of Natchitoches, attorneys for plaintiff, appellee.

E. S. Prudhomme, of Natchitoches, attorney for defendant, appellant.

STEPHENS, J. This is a suit for the sum of $199.49 alleged to be due plaintiff by defendant as a result of their hay farming operations for the year 1925.

The plaintiff alleges that he and defendant entered into a verbal agreement to share equally profits and losses in making a hay crop during the year 1925 on a plantation leased by them jointly from the Bank of Winnfield. The plaintiff was to advance the money for supplies, labor, etc., and the defendant was to superintend the farming and store the product of their joint enterprise.

The plaintiff alleges, and submits an itemized attested account in support thereof, that in accordance with his agreement he expended for rent, labor, and other necessities incident to the farming operations, the sum of $248.58, and, in addition to the obligation imposed upon him by the agreement, he advanced cash to the defendant individually to the extent of $75.20. The latter sum, plus one-half of the sum of $248.58, is the amount herein demanded by plaintiff.

Defendant answered alleging that the plaintiff was indebted to him in the sum of $199.75, which said amount, it is averred, more than compensated and set off the claim of plaintiff.

The district judge rendered judgment in favor of plaintiff for the amount sued for, and rejected the claim of defendant, and, from this judgment, the defendant prosecutes this appeal.

The plea of compensation and set-off admits the correctness of plaintiff's account, but the legal effect of said plea need not be relied on, as the defendant in his testimony on the trial of the case made the same admission. We are therefore only concerned with the defendant's claim in

compensation and set-off. It is itemized in defendant's answer as follows:

| | |
|---|---|
| 8½ tons of hay at $17.50 per ton | $148.75 |
| Paid labor for cutting, hauling and delivering hay | 25.00 |
| Due defendant for account of one tenant moved by plaintiff | 26.00 |
| | $199.75 |

The first item of defendant's claim is for hay alleged to have been delivered to plaintiff in excess of the amount to which plaintiff was entitled. The evidence shows that the partnership venture produced 895 bales of hay, and that the plaintiff received only 392 bales. There is no evidence of sufficient probative value to serve as a basis for judgment.that plaintiff received more than 392 bales. It is shown that the hay was stored by defendant, and that plaintiff and defendant both had access to. it; but we cannot conclude from that fact, in the absence of other evidence, that the plaintiff received more hay than the amount he stated that he received and sold. It is a significant fact to note in this connection that the defendant, though often urged to pay plaintiff's account, never intimated before suit was filed that the plaintiff had received hay in quantities greatly in excess of half the crop.

It developed on the trial of the case that the item of $25 was for labor performed by the defendant. From the evidence in the case, we are not convinced that it was contemplated by the parties that their individual effort would be compensated other than by the profits, if any, derived from the farming operations. We think the claim is an afterthought of the defendant. It was never mentioned until after the suit was filed.

As to the third item for $26, the testimony of the plaintiff is that he owed one John Parker the said amount, which was partly offset by the sum of $23 which John Parker owed him. He further stated that defendant was not known in the transaction. Parker, defendant's witness, and by whose testimony defendant is bound, fully corroborates the plaintiff.

The plea of compensation and set-off is not sustained by the evidence.

We are of the opinion that the case has been correctly disposed of by the district court, and the judgment of that court is affirmed.