No. 3365

Second Circuit

MOORE v. HAMILTON

(April 9, 1931.  Opinion and Decree.)
(May 20, 1931.  Rehearing Refused.)

Cook & Cook and C. D. Egan, of Shreveport, attorneys for plaintiff, appellee.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendant, appellant.

DREW, J.  Plaintiff sued on open account for $153.65, with legal interest thereon, alleging that it had sold to defendant building material and supplies between the dates of October 8, 1925, and September 9, 1926; that certain payments had been made by defendant, leaving a balance due of $153.65, as shown by itemized account attached to the petition.

Defendant in answer admitted purchasing certain material and supplies from plaintiff; admitted the payments alleged by plaintiff, but denied that any balance is owed by him to plaintiff. That he sold and delivered upon open account to the plaintiff certain pipe, machinery, equipment, and appliances, as is shown by item-

ized list attached to answer, for the price of $217.20; that said purchase price is wholly unpaid, except such portion thereof as has been offset and extinguished by any balance due by him to plaintiff. He specially pleaded the discharge of his indebtedness to plaintiff by compensation and offset, and alleged that a balance is due him of $63.55.

Assuming the position of plaintiff in reconvention, he alleged that plaintiff is due him $63.55, with legal interest thereon, being the difference between the amount due him by plaintiff after compensating the plaintiff for the amount due to it by defendant. He prays for judgment rejecting plaintiff's demands, and for judgment in reconvention in the sum of $63.55, with legal interest thereon from judicial demand until paid.

Plaintiff filed a motion to strike out the reconventional demand of defendant, for the reason that both plaintiff and defendant were residents of Caddo parish, La., and that the demand made in reconvention is foreign to the transaction which is the basis of plaintiff's suit and did not arise out of the same transaction. The motion to strike out was overruled by the lower court. The lower court rendered judgment in favor of plaintiff for the amount prayed for, and rejected as of nonsuit the demands of defendant pleaded in compensation and offset on the grounds that the debt pleaded was not equally liquidated and demandable; and the reconventional demand for the reason that it is not connected with and incidental to the demands of plaintiff, reserving to plaintiff the right to proceed by separate suit on said demands.

After trial in the lower court and before judgment was rendered, plaintiff filed a plea of one year's prescription, alleging that the testimony in the case showed that the articles alleged to have been sold by defendant to plaintiff were not sold, but were converted by an employee of plaintiff, and the conversion took place more than one year prior to the filing of demand in compensation, set-off, and in reconvention. This plea was not passed on by the lower court. Plaintiff has answered defendant's appeal, and prayed that the plea of prescription be sustained by this court, and that the motion to strike out the reconventional demand be likewise sustained.

Defendant admits that he purchased from plaintiff the articles sued on and owes plaintiff the amount claimed, unless it has been offset by the amount he claims the plaintiff owed him. A plea of compensation or set-off admits the debt sued on; therefore, that part of the judgment of the lower court in favor of plaintiff is correct, unless the plea of compensation or set-off is sustained.

The motion to strike out the reconventional demand of defendant was properly overruled, for the reason that defendant specifically alleged that he had sold to plaintiff certain machinery, etc., at an agreed price, and that said price was past due and unpaid. He did not sue in reconvention for the entire purchase price, but set up his claim as an offset, and, after striking a balance between the amount he owed plaintiff and the amount he claims plaintiff owed him, he asks for judgment in reconvention for the difference. This procedure is authorized by articles 366, 367, 368, and 371 of the Code of Practice.

If defendant's claim against plaintiff is a just claim, and if plaintiff is indebted unto defendant, as claimed by defendant, then both claims were liquidated and equally demandable.

"A claim is a 'liquidated claim' where the amount due is fixed by law or has been ascertained and fixed by the parties." 3 Words and Phrases, Second Series, page 148.

Both are open accounts for machinery and materials sold at an agreed price. Defendant's claim in compensation and reconvention is either due or not due. It is properly pleaded, and there is no reason why it should have been non-suited. It should be allowed or rejected, and the judgment of non-suit is erroneous.

The fact that defendant admitted the claim of plaintiff and plaintiff denied the claim of defendant does not of itself change the character of the claims. Plaintiff's claim was for merchandise sold in the ordinary course of trade upon open account. Defendant's claim was as definitely fixed as to price. The price agreed upon by defendant and plaintiff's superintendent was 60 per cent of the listed price for the same articles when new, and defendant billed plaintiff for that price, which was $217.20.

If defendant's claim is just, then the two debts were simultaneously in existence, and, if they did co-exist, they were equally due and demandable and meet the requirements of articles 2208 and 2209 of the Civil Code.

The testimony of defendant's son, who was fully authorized by defendant to act for him and whose testimony is not contradicted by any witnesses, is that he sold the merchandise to the plaintiff for the price of 60 per cent of like merchandise when new, the articles sold being all secondhand goods. That the purchase was made for plaintiff by a Mr. Meredith, superintendent of plaintiff's sand works in Shreveport. That some time later he presented the bill to plaintiff at its place of business in Shreveport and was informed that Mr. Meredith was then in Lewisville, Ark., and the bill would have to be sent to him for his "OK." Plaintiff did not deny the bill at the time, neither did it deny the authority of Mr. Meredith to make the purchase. He testified that at a later date he presented the bill to Mr. Meriwether, of the plaintiff company, and that Mr. Meriwether stated that he was going to return the goods, he could not use them, and said: "I have had to weld the pump and I am going to return it." Then he turned to one of his employees and said: "Send that back from Lewisville tonight," that he refused to accept it back.

Defendant testified that some time after the transaction some one telephoned from plaintiff's place of business to him to know what the price of that machinery was. He did not remember the name of the person who telephoned or that he called a name. That defendant told him the price, and nothing else was said. That after waiting for some time, he sent another bill to plaintiff and plaintiff addressed the following letter to him:

"Sept. 24, 1926.
"W. E. Hamilton, 25 American Bank Bldg., City.
"Dear Sir: In reference to your statement of September 3rd, listing various parts of machinery and showing a price of $217.20. This price is exorbitant and we have all this material together and are ready and willing to deliver it to you wherever you desire, and are also willing to pay you a reasonable rental for the use of this material, however, we do not propose to pay for it as invoiced, and it was not our intention to buy this material in the first place. It was our understanding you were loaning it to us. Kindly give us some disposition on it and render us a bill for the use of same.
"We must insist that you take care of the material bill you owe us immediately, otherwise, we will be compelled to turn

the account over to our attorney for collection.

> "Very truly yours,
> "Meriwether Supply Company,
> "By——————— Vice-Pres."

The uncontradicted testimony of defendant and his son clearly shows that the machinery, etc., sold by defendant to plaintiff was in the possession of plaintiff, first, at its sand works in Shreveport, and later was sent by plaintiff to Lewisville, Ark., where the evidence discloses plaintiff was operating a gravel pit. Plaintiff had knowledge that defendant was claiming the purchase price due from said sale, and did not in any way repudiate the action of its superintendent in buying the machinery, and it is not shown that plaintiff ever denied the authority of Mr. Meredith to make the purchase until on the trial of this case in the lower court. The court is not favored with the testimony of Mr. Meredith, who was at the time of trial in the lower court then in plaintiff's employ and accessible as a witness. Plaintiff did not produce him; therefore the testimony of defendant's son as to the sale and price stands alone and uncontradicted, and we take it as true.

Plaintiff kept the machinery for many months, sent it to its gravel pit in Arkansas, used it, and rewelded it. Whether Mr. Meredith had authority to make the purchase for plaintiff or not is immaterial, as the acts of plaintiff in accepting the benefits of his purchase for it and its failure to repudiate the act of Meredith when it was brought to its knowledge are a ratification of his acts such as to bind plaintiff for the purchase price. Civil Code, art. 3010; Succession of Gilmore, 154 La. 105, 97 So. 330; Flower et al. v. Jones & Gilmore, 7 Mart. (N. S.) 143; 21 R. C. L. 923.

When plaintiff was notified of the contract of purchase made for it by Meredith, its superintendent, it was its duty to immediately repudiate it. Plaintiff did not repudiate the act of Meredith in making the purchase, and is therefore bound for the price agreed to by Meredith. Flower et al. v. Jones, supra; Pitts v. Shubert, 11 La. 286, 30 Am. Dec. 718; Bonneau v. Poydras, 2 Rob. 1; Ward v. Warfield, 3 La. Ann. 468; Szymanski v. Plassan, 20 La. Ann. 90, 96 Am. Dec. 382; Mangum v. Bell, 20 La. Ann. 215; Succession of Gilmore, supra.

We conclude, therefore, that at the time of the filing of this suit plaintiff was indebted unto defendant in the sum of $217.20, on open account, more than enough to compensate or offset the amount that defendant owed to plaintiff by $63.55, and plaintiff's demands should have been rejected and defendant should have had judgment in reconvention in the sum of $63.55, unless the plea of prescription of one year is held to be good as to the price of the pump.

Plaintiff contends that the pump was converted by Meredith and not purchased. Therefore, conversion being a tort, that it is prescribed by one year. The evidence, however, does not sustain his contention. Defendant testified that some of the equipment was originally taken without his knowledge, and, after the remainder had been taken with his knowledge and consent, that he and Mr. Meredith checked it all and made a list of it at plaintiff's place of business, and agreed on the price. Without the agreement to sell and buy and the fixing of the price after some of the property had been taken by Meredith, there might be some merit to plaintiff's contention that the property was converted. But since there was a contract to buy and sell and the sale made, there is no merit

to plaintiff's contention, and the plea of prescription is overruled.

A further contention of plaintiff is that it has returned the property to defendant. The evidence shows that, some time prior to the filing of the suit, plaintiff had one of his employees to take the machinery and equipment bought from defendant and unload it at an old brick yard in Bossier City that defendant had not operated in more than ten years. That defendant or none of his agents or employees were notified that the machinery had been placed there, and defendant did not know of it until it was testified to on trial of the case in the lower court, at which time it was shown that a negro was using the pump as a chopping block to cut wood. If plaintiff had the right to return the machinery and equipment, such a return as was made would not have relieved him. However, we think it had no such right. The property was that of plaintiff, and it owed defendant for it. Without an agreement with defendant to take the property back, plaintiff could not relieve itself of its obligation by returning it.

We think the case is clearly with the defendant, and that the judgment of the lower court is erroneous, and should be reversed.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed; that the demands of plaintiff be rejected as having been compensated and offset by the claim due by plaintiff to defendant; and, in reconvention, that defendant have and recover judgment against the plaintiff, Randle T. Moore, receiver of the Meriwether Supply Company, Incorporated, in the full sum of $63.55, with legal interest thereon from judicial demand until paid; and all costs.