HAWTHORNE, Justice.
 

 
 *309
 
 James L. Tolbird, a resident of the State <of Florida, instituted this suit in the Tenth-Judicial District Court for the Parish of Natchitoches, Louisiana, against Howard' 'C. Cooper, a resident of Natchitoches, Louisiana, to recover damages for the wrongful taking by the defendant of a truck owned iby the plaintiff. Defendant filed an answer :and a reconventional demand denying in .general the allegations of plaintiff’s petition, praying that plaintiff’s suit be dismissed, and seeking judgment in reconven-tion for a large sum. In the district court upon objection by counsel for plaintiff evidence offered by defendant on his reconven¡tional demand was excluded, and judgment was rendered for the plaintiff for .'$1459.00. The defendant appealed to the Court of Appeal, Third Circuit, and the ■plaintiff answered the appeal seeking an 'increase in the award. The Court of Appeal sustained the ruling of the trial judge refusing to permit defendant to introduce •evidence on his reconventional demand, and increased the award to plaintiff to $1609.00. 136 So.2d 83. On defendant’s application we granted certiorari but limited our review to the question of whether defendant ■should be allowed to introduce evidence in support of his reconventional demand.
 

 Relator’s only contention here is that it was error
 
 [1]
 
 not to permit him to offer evidence 'in support of a claim in his reconventional demand for $670.00, which he alleges was misappropriated by plaintiff before the taking of the truck.. His allegation in his reconventional demand in regard to this claim is that “During the time defendant [in reconvcntion] worked with reconvenor he appropriated $670.00 of the Partnership and/or the Corporate funds to his own use for which he did not account”.
 

 The Court of Appeal set out in detail all the facts of the case. For an understanding of this $670.00 claim it is necessary for us to state, as found by the Court of Appeal, only that plaintiff and defendant were the principal stockholders and employees of a refrigeration and appliance service business in Natchitoches, Louisiana, and that the plaintiff conveyed to the defendant all of his stock in this corporation, the consideration for the transfer being among other things the Chevrolet truck. This is the truck which defendant wrongfully took from the plaintiff and which he is now using. The alleged misappropriation of the partnership or corporation funds must have taken place while these two men were still in business together.
 

 The Court of Appeal was of the view that, inasmuch as the defendant had wrongfully taken plaintiff’s truck, the district
 
 *311
 
 judge was correct in excluding the evidence which defendant sought to introduce in support of his «conventional demand under the provisions of Article 2210 of the Civil Code as interpreted by this court in Hitt v. Herndon, 166 La. 497, 117 So. 568, to the effect that set-off and compensation are equitable remedies, not extended to wrongdoers or those guilty of bad faith.
 

 Defendant-relator, on the other hand, contends that he has the right, without qualification, to proceed by reconvention for any cause when the plaintiff resides out of the state, relying on Code of Practice Article 375 (Code of Civil Procedure Article 1061) and cases interpreting its provisions, to the effect that a defendant has a right to reconvene against a non-resident plaintiff for any cause although such demand be not necessarily connected with or incidental to the main cause of action.
 

 Article 2210 of bhe Civil Code provides:
 

 “Compensation takes place, whatever be the causes of either of the debts, except in case:
 

 “1. Of a demand for restitution of a thing of which the owner has been unjustly deprived. * * * ”
 

 The resolving of the problem presented by this case requires an understanding of compensation and the reason for the exception in Article 2210. The articles on compensation in the Civil Code appear in Book III, Title IV, Chapter 5, “Of the Manner in Which Obligations May Be Extinguished”, and compensation is recognized by our Code as one of the methods by which obligations may be extinguished along with, payment, novation, voluntary remission,, confusion, etc.
 

 Article 2207 defines compensation asr
 

 “When two persons are indebted to each-other, there takes place between them a compensation that extinguishes both the-debts * * *.”
 

 The practicality and common sense of this method of extinguishing obligations, and the necessity for it, Domat sets out with clarity in his treatise on the civil law:
 
 *313
 
 annulled for so much as shall be found to be acquitted by the compensation.
 

 
 *311
 
 “It often happens that the same person is-at the same time both creditor and debtor to another ***.*** jg natural not to make so many payments as there’ are debts, so as for one of the two to pay to the other what he owes him, and to receive back again that which is due to him;but such debts are compensated, that is,, every one retains in payment of what is due to him that which he owes to the other,, whether it be for the whole debt, if the sums-are equal, or by deducting a lesser debt out of a greater. So that compensations are nothing else but two reciprocal payments, which are made at the same time, the debtors giving to one another no other thing but their bare acquittances, the debts being
 

 
 *313
 
 * * * * . * *
 

 “The use of compensation is necessary to avoid the circuit of two payments, which would happen if each of the two persons who compensate should be obliged first to pay what he owes, and then to receive back again what is due to himself. And it- is natural, without fetching this compass, for every one to retain in payment of what is due to him that which he owes on his part. Thus, every compensation implies two payments.” 1 Strahan, Domat’s Civil Law (Cushing’s ed. 1861), p. 908 et seq.
 

 Pothier agrees that “The equity of compensation is evident; it is established upon the common interest of the parties between whom it is made; it is clear that each of them has an interest to compensate rather than pay what they owe, * * * compensation avoids a useless circuity * * 1 Pothier, A Treatise on the Law of Obligations (Evans’ tr. 1853), p. 458. See also Planiol, Traité élémentaire de droit civil (La.State Law Inst. tr. 1959), n° 562, p. 314.
 

 The common interest in this short-cut or avoidance of circuity, as it is referred to, ceases or does not exist, however, in the exception set out in Article 2210, and compensation is not permitted in that case. In the case of a demand of restitution of a thing of which the owner has been unjustly deprived, no compensation can take place, and the effect of this is that the less convenient method of two payments must obtain, that is, A must pay B, and B must pay A, in spite of the fact that they mutually owe each other. The source and reason for this exception are explained by the French commentators.
 

 “There are, however, some debts, against which the debtor cannot propose a compensation.
 

 “1st. In the case of spoliation, no compensation can be opposed against the demand for the restitution of the thing of which any person has been plundered, according to the well known maxim,
 
 spoliatus ante omnia restituendus
 
 * * 1 Pothier, op. cit. supra, p. 460. This Latin maxim means that “A party despoiled [forcibly deprived of possession] ought first of all to be restored”. See 58 C.J. 1305; [81 C.J.S. Spoliator p. 836]. Planiol agrees that the maxim is the basis for the exception. “ ‘The demand for restitution of a thing of which the proprietor has been unjustly deprived/ says Art. 1293(1).
 
 [2]
 
 This is the application of the maxim established by the canon láw: ‘spoliatus ante omnia restituatur’ * * 2 Planiol, op. cit. supra, n° 581, p. 320.
 

 
 *315
 
 The motive of equity is evident, say Planiol and Ripert; nothing ought to hinder the restitution of a thing taken away by an illegal act; it primes all other consideration.
 
 7
 
 Planiol et Ripert, Traité pratique de droit civil franqais (2® éd. 1954), n° 1289, p. 699.
 

 To demonstrate how the equitable principle which is the basis of this exception applies to reconvention under Article 375 of the Code of Practice it is necessary to point out that there are three kinds of compensation, legal which is effected by the mere operation of law, contractual which is effected by the will of the parties, judicial which is effected by the courts, and to discuss when and how legal compensation and judicial compensation take place.
 

 The compensation with which the 'Civil Code is concerned is legal compensation which operates by effect of the law and under conditions fixed by it.
 

 “Compensation takes place of course by the mere operation of law, even unknown to the debtors; the two debts are reciprocally extinguished, as soon as they exist simultaneously, to the amount of their respective sums.” La.Civ.Code Art. 2208.
 

 “Compensation is legal when it operates by effect of the law and under conditions fixed by it. It is the- only one with which the Code is concerned.” Planiol, op. cit. supra, n° 566, p. 315.
 

 Pothier describes its operation thus:
 

 “When it is said that compensation is made
 
 ipso jure,
 
 it means that it is made by the mere operation of law, without being pronounced by the judge, or opposed by the parties.
 

 “As soon as a person who was creditor of another has become his debtor of a sum of money, or other matter susceptible of compensation with that of which he was a creditor; and
 
 vice versa,
 
 as soon as a person who was debtor of another, becomes his creditor of a sum susceptible of compensation with that of which he was debtor, a compensation is made, and the respective debts are from thenceforth extinguished, to the extent of their concurrence, by virtue of the law of compensation.” Pothier, op. cit. supra, n° 599, p. 467.
 

 The conditions for this legal compensation are set out in our Article 2209:
 

 “Compensation takes place only between two debts having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable. * * *
 
 ”
 

 Saunders’ Lectures on the Civil Code of Louisiana (1925), p. 446, says:
 

 “In that case [A owes B and B owes A] the law steps in and silently cancels these opposing debts; assent and concurrence of the parties are not necessary; their knowl
 
 *317
 
 edge of what the law is doing is not required. But this extinguishment takes place only when the debts are equally due, equally liquidated and equally demandable. * * * ”
 

 Judicial compensation, on the other hand, takes place when a court decides that two parties before it are mutually indebted to each other, and balances the amounts found to be owed in fixing the judgment. The most usual case in which this arises is one where; the conditions for legal compensation do not exist .and the party who is sued on a debt files a reconventional demand.
 

 Planiol says of this judicial compensation :
 

 “There is judicial compensation when a debtor who is sued for the execution of a debt files a reconventional demand against the plaintiff pleading a credit in opposition to the original demand, which credit does not have or fulfill the conditions required for legal compensation. It may be, for example, that the credit claimed in the re-conventional demand is not liquidated; or it may be the result of damages caused by the plaintiff to the defendant—damages that must be evaluated in order to fix the amount of the indemnity due. But the judge, having jurisdiction of the demand, can make such evaluation, and by the same judgment fix the amount of the damages and' effect the compensation. The original defendant will simply be ordered to pay the excess over his own debt; it may even happen that he may obtain judgment for the difference, if the indemnity which is due him exceeds what he owes the plaintiff.” Planiol, op. cit. supra, n° 597, p. 325. To the same effect, see 2 Colin et Capitant, Cours élémentaire de droit civil franqais(10e éd. 1953), n° 575, p. 399.
 

 That there are legal compensation and compensation by reconvention, or judicial compensation, has been expressly recognized in at least one case in Louisiana, Blanchard v. Cole, 8 La. 153, in which it was said: “Compensation may be divided into three kinds: legal compensation or that which produces its effects ipso juré; compensation, by way of exception; and compensation by way of reconvention. * * * ” In a case then where there is a main demand and a demand in reconvention and the judge finds for each party and renders judgment for the difference between the amounts found to be owed, he thus effects compensation—a judicial compensation—whereby two payments are avoided.
 

 The maxim “A party despoiled ought first of all to be restored” is as applicable to this kind of compensation for obvious reasons as it is to the legal compensation in the Code. The motive of equity is equally evident here. Where the plunderer sets up his opposing claim by way of r.econvention, here also nothing ought to hinder the one plundered from being first of
 
 *319
 
 .all restored. Here also it primes all other ■considerations. 2 Planiol, op. cit. supra, n° 581, p. 320; 1 Pothier, op. cit. supra, p. 460; Planiol et Ripert, ibid. There should be no balancing of the amounts found to be owed to avoid two payments. The party despoiled is entitled to be restored above .all, and in this case two payments are necessary.
 

 The defendant is wrong then in contending that, because his action against the plaintiff is permitted under the broad provision allowing reconvention
 
 on any cause
 
 if the plaintiff is a non-resident, the principle involved in Article 2210 can have no .application here. The same reasons of justice and equity which make it apply to legal compensation compel its application also to judicial compensation. It is applicable even to this action where reconvention is allowed on any cause.
 

 The decisions show that courts of this state have applied the principle whenever the defendant sought compensation regardless of the name given to the plea—compensation, set-off, reconvention—and without regard to the kind of compensation involved. Innis v. Ware, 1 Mart. (N.S.) 556; Nolan v. Shaw, 6 La.Ann. 40; McKee v. Amonett, 6 La.Ann. 207; Rhodes v. Hooper, 6 La.Ann. 355; The Mutual Nat’l Bank v. Keenan & Slawson, 35 La.Ann. 1129; Hitt v. Herndon, 166 La. 497, 117 So. 568; Ferrara v. Polito, 167 So. 120 (La.App.); Curry v. Caillier, 37 So.2d 863 (La.App.). The defendant argues that the case of Hitt v. Herndon, supra, can be distinguished from this case so that the principle would not be applicable here because in that case both parties resided in the same parish. As demonstrated in our discussion above, that, distinction is not a valid one, and by this decision we extend the doctrine of Hitt v. Herndon to apply also to the case where the wrongdoer who does not reside in the same-parish seeks compensation by way of reconventional demand for any cause.
 

 The real distinction between those cases and this one, however, is that the defendant here does not seek compensation. He does not ask that any amount he might owe the plaintiff be set off or balanced by what the plaintiff owes him so as to avert any judgment for the plaintiff. His position in his answer and reconvention is that he was not a wrongdoer, was not indebted to the plaintiff in any sum,
 
 [3]
 
 but wanted a judgment against plaintiff for what plaintiff owed him. At no stage of the proceedings has he asked for compensation either directly or alternatively. Under these circumstances he can pursue his
 
 *321
 
 reconventional demand against the plaintiff without doing any violence to Article 2210 and the doctrine of Hitt v. Herndon.
 

 If the trial judge finds for the defendant on his reconventional demand, he can and should render judgment so that the defendant would have to pay the plaintiff and the plaintiff would have to pay the defendant; the convenience of balancing out in compensation would not be permitted in this case. Allowing the defendant thus to pursue his claim in reconvention would be in accord with the policy of our practice and procedure to avoid a multiplicity of suits as evidenced by Article 375 of the Code of Practice and by the new Code of Civil Procedure.
 

 Since Article 2210 does not prevent defendant from urging his claim in' reconvention under the facts of this case, the trial court’s exclusion of evidence to support the claim on this ground was erroneous. We must therefore remand the case to the district court for further proceedings. Since the defendant was found to have unlawfully deprived the plaintiff of his property, the judgment in favor of plaintiff is not to be disturbed or altered on the remand. The lower court, however, is to permit defendant to offer evident*; in support of his reconventional demand and render judgment for or against him as may be warranted by the law and the evidence. The plaintiff may urge any defense or other objection to the evidence offered that he may deem proper.
 

 For the reasons assigned the case is remanded to the district court for further proceedings consistent with the views expressed herein. The respondent is to pay all costs in this court. The relator is to pay all costs incurred in the Court of Appeal. Assessment of all other costs is to await final disposition of the case.
 

 HAMITER, J., concurs in result.
 

 [1]
 

 . Defendant’s only specification of error reads: “Both courts erred in excluding evidence on the reconventional demand of the defendant for the misappropriation of funds.”
 

 [2]
 

 . Our Code articles on compensation are taken from the French Code, and our Artielp 2210 is the same as the French Code Article 1293.
 

 [3]
 

 . One seeking compensation necessarily admits the debt sued on. Ashley v. Sholars, 22 La.Ann. 442; Pillsbury Mills, Inc. v. Chehardy, 231 La. 111, 90 So.2d 797; Moore v. Hamilton, 16 La.App. 630, 133 So. 790; Young v. Williamson, 16 La.App. 406, 133 So. 807.