STOULIG, Judge.
This is an appeal from a judgment rejecting plaintiff’s demands for unpaid wages, statutory penalties, and attorney’s fees.
Plaintiff, Curtis Young, instituted this action seeking to recover unpaid wages for two days, totalling $90, together with statutory penalties of $4,050, for the maximum period permitted under the statute and reasonable attorney’s fees.[1] Named as defendants-employers were Ronald Car-mouche and/or Terrell Carmouche; Frem-in-Smith, Inc.; and P & L Hauling, Inc. Peremptory exceptions of no right of action were maintained and the suit was dismissed as to Fremin-Smith, Inc., and P & L Hauling, Inc., from which ruling no appeal has been taken. The exceptions filed by Ronald Carmouche are still pending. Plaintiff elected to prosecute his suit against the remaining codefendant Terrell Carmouche.
The employer filed a general denial of liability and urged special pleas of payment and setoff against plaintiff’s claim. He also reconvened for $4,000 in damages to his equipment caused by the negligent conduct of appellant and for the loss of rental occasioned by appellant’s tardiness or failure to report for work.
Prior to a discussion of the merits of this appeal, certain observations should be made. The matter was submitted in the trial court on written stipulations and depositions. No witnesses were presented or oral testimony adduced on the trial. Appellant failed to file a brief and was not permitted to argue the matter on appeal. (Rule IX, § 11 of the Uniform Rules of the Courts of Appeal.)
The record discloses that appellant was engaged as a bulldozer operator at a daily wage of $35 which he claims was later increased to $45 per day. The employer disputed the alleged increase, and the trial court found that the appellant failed to substantiate his contention. In view of the admitted fact that Young only worked U/2 weeks for appellee before being discharged, it is highly questionable that his wages would have been increased in so short a period of time.
Carmouche acknowledged that Young had not been paid for the last two days of his employment. He justified the refusal to pay these wages on the basis that the appellant was indebted to him in a greater sum for damage caused to his equipment. As the result of this admission by the employer, this appeal presents two issues: (1) Did the defendant prove his setoff of damage to the equipment? (2) Is the defendant allowed to use the prescribed claim of equipment damage as a setoff?
The only evidence relating to the damage of the equipment (Bantam crane) was the deposition of the appellee, who stated: “He [Young] lowered the boom over the cab and also caused the bucket to strike the cab, damaging the cab and damaging the boom.” Later he described the damage to the door of the cab as “mashed up” with a “dent” 6 to 8 inches deep and that the boom was bent “right at the heel.”
Mr. Carmouche estimated it would cost $100 to $150 to repair the cab and from $600 to $650 to straighten the boom. He personally effected repairs to the cab but the boom is still unrepaired.
Though the employer did not furnish any written estimate of cost to repair the damage or any other evidence of the fact and extent of damage except his unsupported statements in his deposition, we must conclude, for several reasons, that it constituted a preponderance of evidence sufficient to warrant a recognition of these facts. Appellant never denied that he damaged the equipment or disputed the cost of "repair,' and the only countervailing *343 evidence is embodied in Article IV of the stipulation, which reads:
“Defendant Carmouche testifies that he told plaintiff he would not pay him because plaintiff had damaged his equipment. Plaintiff testifies that Carmouche never gave him that reason.”
This stipulation clearly fails to refute ap-pellee’s claim as to the cause and the amount of damage. Having experience in the purchase and maintenance of this equipment, appellee was obviously familiar with the cost of repair. Finally, the trial court accepted the uncontroverted statements of appellee in finding that the value of the damage to the crane caused by appellant’s negligence exceeded the amount of his claim for unpaid wages. We find no manifest error in these factual conclusions and they must remain undisturbed.
We now turn our attention to the exception of one-year prescription lodged against the reconventional demand for damage to the equipment caused by the employee’s negligence.
Appellant correctly points out that the defendant’s reconventional demand was filed more than a year after the alleged damage to his property but disregards ap-pellee’s right by exception or answer to set up a prescribed cause of action as a defense under LSA-C.C.P. art. 424, which provides:
“A person who has a right to enforce an obligation also has a right to use his cause of action as a defense. A prescribed obligation may be used as a defense if it is incidental to, or connected with, the obligation sought to be enforced by the plaintiff.”
We note that Carmouche under Article 424 should have pleaded negligent damaging of his crane as an affirmative defense rather than a reconventional demand. Exercising our discretionary equitable authority granted under LSA-C.C.P. art. 1005[2] we will treat defendant Carmouche’s pleading as if it had been properly designated, that is, as an affirmative defense.
The trial judge did not specify the dollar value of the cost of repairs to appellee’s equipment attributable to the appellant’s negligence but did find, as a matter of fact, “ * * * that the value of damage to Carmouche’s crane greatly exceeds the sum of two (2) days’ wages.” From the uncontradicted evidence presented by ap-pellee, it must be concluded that these damages amounted to approximately $500 and this indebtedness of the appellant is more than adequate to totally extinguish his claim for unpaid wages of $90. Though appellee is unable to recover the full amount of these damages because of the plea of prescription, he can assert the prescribed obligation in satisfaction of these unpaid wages. (LSA-C.C.P. art. 424.) Thus, the obligation owed to the appellant is extinguished by judicial compensation as recognized and defined by the Supreme Court in the case of Tolbird v. Cooper, 243 La. 306, 143 So.2d 80 (1962).
For the foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.

. LSA-R.S. 23:632.

. “The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any, manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense. If a party lias mistakenly designated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.”