338 So.2d 119 (1976)
STANDARD ROOFING COMPANY, INC., Plaintiff and Defendant-In-Reconvention-Appellant.
v.
RAGUSA BROTHERS, INC., Defendant and Plaintiff-In-Reconvention-Appellee.
No. 10844.
Court of Appeal of Louisiana, First Circuit.
September 20, 1976.
*121 Breard Snellings, Robert E. Barkley, Jr., of Sessions, Fishman, Rosenson, New Orleans, Paul Marks, Jr., of Dale, Owen, Richardson, Taylor & Mathews, Baton Rouge, for plaintiff and defendant-in-reconvention appellant.
Iddo Pittman, Jr., Pittman & Matheny, Hammond, for defendant and plaintiff-inreconvention appellee.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
CHIASSON, Judge.
Standard Roofing Company, Inc., plaintiff and defendant-in-reconvention-appellant, has brought this appeal from a judgment of the District Court dismissing its suit and awarding Ragusa Brothers, Inc., defendant and plaintiff-in-reconvention-appellee, $360.56 plus interest from date of judicial demand.
This suit was filed by the appellant to recover $5,049.44, together with interest and attorney's fees, the balance alleged as due on a building contract. The appellee answered, denying the appellant's allegations and reconvened for $56,410.00, plus interest from date of judicial demand. This demand included $50,000.00 for damage to reputation, humiliation and embarrassment; $5,060.00 for painting the exterior of the building, which painting the appellee alleged was necessitated by the appellant's improper performance in roofing the building; $1,000.00 for various damages to metal roof decking caused by the methods appellant used in transporting materials over them; and $350.00 for damages to the automatic sprinkler system caused when the employees of the appellant ran machinery into it.
After a trial on the merits the District Court dismissed the appellant's suit and awarded the appellee the difference between the cost of painting the exterior of the building and the amount still owed on the original subcontract, plus $350.00 for other damages to the premises.
On March 19, 1968, the appellant, a roofing contractor, entered into an agreement with the appellee, a general contractor, under which the appellant was to construct the roof on the Elmer's Candy Corporation building in Ponchatoula, Louisiana. Work on the roof began at the end of January or the beginning of February, 1969. The roof specified was a composition roof consisting of a layer of rigid insulation placed over a steel deck, an asphalt base sheet, three plys of felt, and gravel, with hot asphalt mopped between each layer. A gravel guard formed the finished edge of the roof with gutters to control water runoff.
The normal method of installing a roof of this type is to put the insulation and asphalt base sheet down first, making the entire building water tight as soon as possible. Then the layers of felt are applied. The gutters and gravel guards go on next and are flashed in with two strips of felt. The final coat of asphalt and gravel is then applied.
The appellant employs only union labor. One union, the roofers, install all the roofing material (insulation, felt, gravel and asphalt). A second union, the sheet metal workers, install the gravel guards and gutters. At the end of May, 1969, the sheet metal workers went on strike, halting work on the roof. Prior to the strike, all of the insulation and basesheets had been installed and 1100 of the 1175 squares of felt and *122 gravel had been installed. 1500 feet of the gravel guard and 900 feet of gutter were in place.
Due to the strike work on the roof was not completed until August, 1969. The walls on the warehouse were stained as a result of water running off the unfinished roof and down the sides of the building. Because of these stains, it was necessary for the contractor to paint the exterior of the building. After a trial on the merits the Trial Judge held that the appellant was liable for the cost of painting the exterior walls.
The errors specified by the appellant as plaintiff are:
"1. The Court erred in failing to allow Standard an extra of $447.00 which was admitted as due by Mr. Mannino, representative of Ragusa.
"2. The Trial Court erred in dismissing Standard's suit against Ragusa and in not awarding judgment in favor of Standard for the balance due on its original contract of $5,049.44, plus the $447.00 admittedly due as an extra for a total judgment in favor of Standard of $5,496.44, plus 6% agreed contract interest from March 27, 1970."
The errors specified by the appellant as defendant-in-reconvention are:
"1. The Trial Court erred in not dismissing the reconventional demand of Ragusa Brothers since said reconventional demand was not proved by a preponderance of the evidence.
"2. The Trial Court erred in not maintaining Standard Roofing's plea of prescription.
"3. The Trial Court erred in failing to give effect to the contract between the parties which contained an exculpatory clause and a `strike clause."
In his judgment the Trial Judge awarded the appellee $360.56, the difference between the cost of painting the exterior of the building ($5,060.00) and the amount still due on the original subcontract ($5,049.44), plus $350.00 for other damages to the premises caused by the appellant. During the trial, evidence was introduced which established that the appellant was entitled to an additional $447.00 as a result of a change order.
"Under the doctrine of variance, proof which goes beyond the pleadings is inadmissable if objected to. If no objection is made at the time evidence is introduced, then the pleadings are considered enlarged to that extent." Tate, 43 Tul. 211 at 224.
Because no objection was made to the introduction of testimony establishing that the appellant was due an additional $447.00 for work done in constructing the roof, the appellant's pleadings are considered enlarged to that extent. CCP Art. 1154. Kennedy v. Travelers Insurance Company, La.App., 277 So.2d 692 (2nd Cir. 1973); Kegley v. Grain Dealers Mutual Ins. Co., La.App., 207 So.2d 824 (3rd Cir. 1968).
Judicial compensation occurs when a court decides that the two parties before it are mutually indebted to each other and balances the amounts found to be owed in fixing the judgment. The most usual case in which this arises is one where the conditions for legal compensation do not exist and the party who is sued on a debt files a reconventional demand. In these cases the judge finds for each party and renders judgment for the difference between the amounts found to be owed. Tolbird v. Cooper, 243 La. 306, 143 So.2d 80 (1962). It is clear from the award contained in the District Court's judgment that he found the appellant and appellee to be mutually indebted. Because the Trial Judge found that there was a valid debt owed the appellant by the appellee under the contract, it was error for him to dismiss the appellant's suit. However, it was not error for the Trial Judge to render judgment for the difference between the two debts.
The basic law in regard to a contractor's liability for failure to properly perform a building contract is contained in Civil Code Article 2769 which provides:
"If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue *123 from his non-compliance with his contract."
Where remedial work, not contemplated by a subcontract, is required to complete a project, the cost of such remedial work must be borne by the party at fault. Alumaglass Corp. v. Adm'x of Succession of Kendrick, La.App., 303 So.2d 911 (1st Cir. 1974). It is implicit in every building contract that the work will be performed in a good workmanlike manner, free from defects in either materials or workmanship. To recover for damages resulting from defects in construction, it is necessary to prove the existence and nature of the defect, that the defect is due to faulty workmanship or materials, and the cost of correcting the defect. Neel v. O'Quinn, La. App., 313 So.2d 286 (3rd Cir. 1975). The evidence adduced at the trial on the merits clearly establishes the existence and nature of the defect, stains on the wall, and the cost of correcting the defect, $5,060.00, the cost of painting the exterior walls.
The question central to a determination of the appellee's right to recover on his reconventional demand is whether the defect resulted from faulty workmanship. The method used by the appellant in constructing the roof followed accepted industry practices. It would appear that this method produces a workmanlike result where there is no delay in installation of gravel guards and gutters following completion of the felt layers and there is no rain. The appellant did not perform the contract in a workmanlike manner because his installation of the gravel guards and gutters was delayed during a period when rain might be expected on a fairly frequent basis.
The mere allegation that the appellant "purposely and negligently delayed completion of said work long past a reasonable completion date" does not make the appellee's reconventional demand an action in tort rather than contract where the allegation is part of the appellee's action in contract. Federal Insurance Co. v. Insurance Co. of No. Amer., 262 La. 509, 263 So.2d 871 (1972). Appellee's right of action is one in contract and the ten year prescription contained in Civil Code Article 3544 applies.
The contract between the appellant and the appellee provided in part that "All contracts are for immediate acceptance and are contingent upon strikes, accidents, or other causes beyond our control" and "It is understood that we (the appellant) are to be held blameless for damage to buildings or contents during the erection of material required in this contract." The appellant contends that the delay in installation of the gravel guards and gutters was the result of a "strike" and that the appellant cannot, therefore, be held liable for the damage.
Because the Trial Judge did not assign written reasons for his judgment and because his oral reasons were not transcribed and included in the record, we do not know if he made a determination as to whether the delay in installing the gravel guards and gutters was caused by the appellant's failure to provide sufficient workers or by the strike.
The amount of work done by the appellant in each month, as evidenced by his monthly estimates, may be summarized as follows:

WORK GRAVEL
PERIOD INSULATION[1] BASESHEETS[1] 3 PLYROOFING[1] GRAVEL[1] GUARDS[2] GUTTERS[2]
(1969)
Start to 2/27 110 110 110 110 0 0
2/27 to 3/25 399 399 399 143 480 0
3/25 to 4/29 416 416 91 148 0 0
4/29 to 5/30 250 250 500 699 1020 900
 ____ ____ ____ ____ ____ ____
 TOTALS 1175 1175 1100 1100 1500 900

*124 The orderly progression of work with regard to installation of the insulation, basesheets, 3 ply-roofing (felt) and gravel, combined with testimony in the record that the appellant had a full roofing crew on the job on a regular basis, indicates that there was no unreasonable delay by appellant in installing the roofing. The length of time the roofing took to install may be attributed to the weather. However, there is no such orderly progression with regard to the installation of gravel guards and gutters and little evidence as to whether the appellant maintained a full crew of sheet metal workers. While it is true that gravel guards and gutters are not installed until after the 3 ply-roofing, nevertheless, considering the fact that the sheet metal workers' contracts were coming to an end and a strike was possible, even if not probable; that there was a very real danger of staining with the roofing on, but not the sheet metal; and, that because almost all of the 3 ply-roofing was on, almost all of the sheet metal could have been on, we conclude that the appellant failed to perform in a workmanlike manner and is therefore under Civil Code Article 2769 liable for the cost of painting the exterior of the building.
The evidence adduced supports the Trial Judge's holding that the appellant was liable for an additional $350.00 for damages to the automatic sprinkling system.
For the above and foregoing reasons, the judgment appealed from is reversed, insofar as it dismisses appellant's suit, is amended to award the appellant $86.44 (the difference between the amount owed appellant on the contract,$5,049.44, plus $447.00, and the amount due appellee, $5,060.00 for painting, plus $350.00 for repairs to the sprinkler system), and is affirmed as to all other aspects. Cost to be paid by the appellant.
REVERSED AND RENDERED IN PART, AMENDED, AND AFFIRMED IN PART.
NOTES
[1] In squares of roofing.
[2] In linear feet.