705 So.2d 189 (1997)
GULF STATES LAND AND DEVELOPMENT, INC., et al., Plaintiffs-Appellants,
v.
The OUACHITA NATIONAL BANK IN MONROE, Defendant-Appellee.
Nos. 29134-CA, 29135-CA and 29136-CA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 1997.
Writ Denied September 19, 1997.
*190 Theus, Grisham, Davis & Leigh by J. Michael Hart, Sharon I. Marchman, Monroe, for Plaintiffs-Appellants.
Winstead, Sechrest & Minick by Wesley W. Steen, Baton Rouge, Shotwell, Brown & Sperry by George Wear, Jr., Monroe, Taylor, Porter, Brooks & Philips by Harry Philips, Jr., Baton Rouge, for Defendant-Appellee.
Boles, Boles & Ryan by Lawrence Scott Patton, Monroe, for Intervenor, Regions Bank.
Before BROWN, WILLIAMS and STEWART, JJ.
BROWN, Judge.
This litigation spans nearly a decade. A group of individuals and their corporation, Gulf States Land & Development, Inc., sued the defendant-bank for breach of contract, extortion and defamation in connection with the Bank's failure to fulfill a loan commitment to develop a subdivision. The Bank sued the Gulf States parties for non-payment of 41 promissory notes. When the air cleared, there were judgments in favor of all parties. With certain amendments, this court affirmed.[1] The parties are now back with questions concerning offset and compensation of the different awards. The precise issue presented is whether the district court properly calculated the amounts owed to the *191 respective parties under the terms of the judgment. We reverse and render.

Facts and Procedural History
The "Gulf States parties" (Mr. and Mrs. Stanley Palowsky, Mr. and Mrs. Larry James, Mr. and Mrs. Walter Meredith, Dr. John Smiarowski and Gulf States Land & Development, Inc.) attempted to develop a residential subdivision north of Monroe, Louisiana in the 1980s. Ouachita National Bank (known subsequently as "Premier Bank" and now "Bank One") committed to finance this project and loaned money to the Gulf States parties, who executed a series of promissory notes in connection with these loans.
Gulf States, Inc. signed all of the notes; however, the individual parties signed separate promissory notes as guarantors. A collateral note secured by a mortgage on the subdivision property was executed by the individual co-makers and their spouses to secure the 41 promissory notes. Palowsky was co-maker with Gulf States, Inc. on 12 promissory notes which had a combined face value of $675,666.66. James was a co-maker with Gulf States, Inc. on 13 promissory notes which had a combined face value of $725,666.68. Smiarowski was a co-maker with Gulf States, Inc. on 13 promissory notes which had a combined face value of $725,666.66. Meredith was a co-maker with Gulf States, Inc. for three notes which had a combined face value of $264,000; however, Meredith also signed a continuing guaranty agreement for $563,000.
The business venture encountered difficulties and the parties became embroiled in litigation.[2] The Gulf States parties asserted various causes of action against the Bank; including an extortion claim by Palowsky. The Bank sought judgment against the Gulf States parties on the promissory notes.
The cases were consolidated for trial. A jury returned verdicts in favor of each of the Gulf States parties for breach of contract and in favor of Stanley Palowsky on his extortion and defamation claims. The trial judge granted judgment in favor of the Bank on the promissory notes and awarded attorney fees incurred in collection of the notes.
In its judgment on the promissory notes, the trial court found that the corporation, Gulf States, Inc., was liable to the Bank for the entire indebtedness, but that Palowsky, Smiarowski, James and Meredith were liable, in solido, with Gulf States, Inc., to the limited extent of the guaranty and promissory notes they each individually executed as co-maker and for interest and attorney fees associated with those obligations.
After adding interest accrued to July 31, 1992, the judgment on the unpaid promissory notes against Gulf States, Inc., totaled $3,670,812.92. Each individual, however, was only liable in solido with Gulf States, Inc., to the following extent:

(a) Gulf States Inc.: $3,670,812.92
(b) Mr. Palowsky: 967,557.17
(c) Mr. Smiarowski: 1,038,285.64
(d) Mr. James: 1,038,446.78
(e) Mr. Meredith: 563,000.00

In addition, attorney fees of $855,646.50 were awarded to the Bank, the individual parties being liable in solido with Gulf States, Inc., to the following extent:

(a) Gulf States Inc.: $855,646.50
(b) Mr. Palowsky: 250,195.14
(c) Mr. Smiarowski: 268,616.58
(d) Mr. James: 268,616.58
(e) Mr. Meredith: 145,600.28

The jury found merit to Stanley Palowsky's extortion claim and awarded him $2.5 million in damages. However, the district judge determined after trial that Palowsky's extortion claim had prescribed and granted the Bank's motion for judgment notwithstanding the verdict (JNOV) on the extortion *192 claim.[3] On appeal, this court agreed that Palowsky's extortion claim had prescribed, but that:
[T]he jury award of Two Million Five Hundred Thousand Dollars ($2,500,000) to Stanley R. Palowsky, Jr., and against Defendant, [Bank One], is affirmed only insofar as it may be used to offset the amount of [Bank One's] judgments, including interest, attorney fees and court costs, against Stanley R. Palowsky, Jr., in the March 19, 1993 judgment.
Palowsky v. Premier Bank, N.A., 26,255, consolidated with 26,299, 26,300, 26,301 (La. App.2d Cir. 4/5/95), 653 So.2d 1380 (unpublished opinion, attached as Appendix A), writs denied, 95-1335, 95-1378 (La.10/27/95), 661 So.2d 1368.
Furthermore, on appeal this court reduced the jury's $7 million breach of contract award to Gulf States, Inc. to $2 million and the Palowskys' award of $1.25 million for breach of contract to $400,000. This court otherwise left the jury's findings and trial court's judgment undisturbed. The jury and court had decreed that:
Larry and Dianne James were entitled to a $200,000 breach of contract award against the Bank;
John Smiarowski was entitled to a $200,000 breach of contract award against the Bank;
Walter and Mona Meredith were entitled to a $200,000 breach of contract award against the Bank;
The Bank was entitled to funds in the registry of the court, which would be credited against the sums due the Bank;
The Bank's mortgage was to be recognized and maintained; and;
The Gulf States parties were liable for interest on the unpaid principal from the date of July 31, 1992, at the rate of 9.25% per annum.
After the supreme court denied direct review on October 27, 1995, the parties attempted to execute the judgment as amended on appeal.
The parties submitted their respective interpretations of the final judgment.[4] The trial court's calculation of the amounts due the parties is now at issue. The trial court offset the prescribed extortion award as to Palowsky only. Thus, Palowsky's obligation on the promissory notes he signed was extinguished; however, the court refused to reduce the debt owed by Gulf States, Inc., and the other Gulf States parties by the amount of Palowsky's offset.
The trial court then set off the non-Palowsky Gulf States parties' breach of contract claims against the Bank's judgment and found that the Bank was owed $830,782.02 plus interest. Gulf States, Inc., John Smiarowski, Larry James and Walter Meredith were found liable in solido for this amount, except that Meredith's liability was limited to the principal sum of $48,641.85 plus interest. Because Palowsky's debt to the Bank was extinguished by the prescribed extortion judgment, the Bank was held liable to Palowsky for the $400,000 awarded by the jury for breach of contract.
The Gulf States parties now appeal. They contend that under a proper interpretation of the March 1993 judgment as amended on appeal, they are net judgment creditors of the Bank, who has answered the appeal, asking only that the district court's judgment be amended to explicitly acknowledge continuing interest in Bank One's favor.

Discussion
Compensation is a method by which obligations are extinguished. When two persons owe each other money, compensation is a mechanism of extinguishing each obligation without the necessity of an actual disbursement of funds by the parties. La.C.C. art. *193 1893. In common law, this is known as set-off. Saul Litvinoff, Obligations § 19.1, at 658, 5 Louisiana Civil Law Treatise (1992).
Solidary obligors are liable for the whole debt; however, the creditor is only entitled to collect the full amount and no more. Thus, when one solidary obligor pays the debt in full, the creditor can collect nothing more from the other obligors. As noted above, compensation is a method of paying a debt. Under La.C.C. art. 1898, compensation only extinguishes the debt to the extent owed by the obligor who is entitled to the compensation. Tolbird v. Cooper, 243 La. 306, 143 So.2d 80 (1962).
In Young v. Fremin-Smith, Inc., 265 So.2d 341 (La.App. 4th Cir.1972), a plaintiff-employee filed suit against his former employer seeking unpaid wages. The defendant-employer asserted as set-off $4,000 allegedly owed by the employee for damaged equipment. Because the employer's claim was prescribed, he was unable to directly obtain a monetary award. However, the court permitted the employer to extinguish the employees claim for unpaid wages with the prescribed claim pursuant to La.C.C.P. art. 424.[5] The court held that the obligation owed to the employee was extinguished by judicial compensation as recognized and defined by the supreme court in Tolbird, supra.
In Fireman's Fund v. Charles Carter Construction, 382 F.Supp. 332 (M.D.La.1974), the federal district court recognized that a claim can be compensated legally or judicially even though prescribed. In holding that the prescribed claim could be offset, the federal court referred to the holding in Tolbird, supra, that to urge a prescribed claim as a defense pursuant to La.C.C.P. art. 424, the requirements for legal compensation did not have to be present:
[I]t is apparent that Article 424 of the Code of Civil Procedure does no violence to Article 2209 [now 1893] of the Civil Code, and when it speaks in terms of "obligations" and "causes of action" it directs itself to both legal compensation and judicial compensation as the case may be. It permits the urging of prescribed "obligations" and "causes of action" as defenses whether the conditions of Article 2209 [now 1893] of the Civil Code are met or not.
Fireman's Fund, 382 F.Supp. at 338.
Louisiana jurisprudence makes no distinction between a "defense" under La. C.C.P. art. 424 and an "affirmative claim" for legal or judicial compensation. Set-off or compensation, whether asserted by way of affirmative defense, reconventional demand or claim, results in extinguishment of the debt. See Coburn v. Commercial National Bank, 453 So.2d 597 (La.App.2d Cir.1984); Labbe v. Premier Bank, 618 So.2d 45 (La. App. 3d Cir.1993); Thibaut v. Thibaut, 607 So.2d 587 (La.App. 1st Cir.1992). The trial court erred in concluding otherwise.
In this case, compensation occurred between Palowsky's prescribed extortion claim, which he successfully asserted as a defense pursuant to La.C.C.P. art. 424, and the Bank's promissory note judgment. This court's previous opinion, in which judicial compensation was ordered, set off the Bank's judgment against Palowsky in the amount of his particular promissory notes, attorney fees and interest, thus extinguishing these obligations.
Performance by one solidary obligor relieves the others of liability (to that extent) toward the obligee. La.C.C. art. 1794. The goal of article 1794 is complete reparation, no more, no less. Fertitta v. Allstate Insurance Co., 462 So.2d 159 (La.1985). Therefore, all solidary obligors benefit to the extent of payment or extinguishment, even where one obligor pays or extinguishes only part of the entire amount due. Williams v. Sewerage & Water Board of New Orleans, 611 So.2d 1383 (La.1993).
The clear import of the trial court's judgment as amended by this court was that the individual Gulf States parties were not liable in solido with each other, but liable in solido with the corporation, Gulf States, Inc., on the particular promissory notes that they each *194 signed. Thus, compensation between the Bank and Palowsky liberates the solidarily obligated Gulf States, Inc., in the same measure and to the same extent that Palowsky is liberated.
The trial court's error was in not reducing the liability of Gulf States, Inc., by the amount of the principal, interest and attorney fees owed by Palowsky on the notes executed by Palowsky and the corporation.

Conclusion
Based on the computation of interest agreed to by the parties and used by the trial court, we calculate the offsetting debts as of October 27, 1995 (the date the judgment on appeal became final).

I. Award to the Bank Principal, $5,297,706
 interest and attorney fees on
 promissory notes
II. Reduced as follows:
 A. Money withdrawn from
 the court registry and ordered
 credited against
 the debt ($293,369)
 B. Palowsky's notes, attorney
 fees, and interest ($1,425,980)
 C. Breach of contract award
 to the corporation, with
 interest ($3,436,095)
 Balance owed by Gulf
 States, Inc., to the Bank $142,262
III. Further reduction for the ($1,030,828)
 breach of contract awards to
 James, Smiarowski and Meredith,
 with interest
 Balance owed by Gulf
 States, Inc. -0-
IV. Individual awards against
 Bank One
 A. Stanley and Carol Palowsky. $ 400,000
 B. Larry and Dianna James,
 with interest $343,609 less
 40.66% of $142,262, which
 is the remaining amount
 owed by Gulf States, Inc.,
 before compensation of
 these individual awards. $ 285,765
 C. John Smiarowski with interest.
 $343,609 less
 40.66% of $142,262, which
 is the remaining amount
 owed by Gulf States, Inc.,
 before compensation of
 these individual awards. $ 285,765
 D. Walter and Mona Meredith
 with interest.
 $343,609 less 18.68% of
 $142,262, which is the remaining
 amount owed by
 Gulf States, Inc., before
 compensation of these individual
 awards. $ 317,034
V. Legal interest on the awards
 to Smiarowski, the James and
 the Merediths, is to run from
 October 27, 1995, until paid.
 Legal interest on the Palowskys'
 award is to run from
 judicial demand until paid.

Decree
We hereby REVERSE the judgment of the trial court and RENDER judgment as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that the liability of the Gulf States parties on the promissory notes, with attorney fees, and interest to Bank One, f/k/a Premier Bank, f/k/a Ouachita National Bank in Monroe, contained in the trial court's March 19, 1993, judgment, is hereby extinguished.
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of LARRY AND DIANNE PYLE JAMES and against BANK ONE in the amount of $285,765, together with legal interest from October 27, 1995, until paid.
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of JOHN SMIAROWSKI and against BANK ONE in the amount of $285,765, together with legal interest from October 27, 1995, until paid.
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of WALTER AND MONA MEREDITH and against BANK ONE in the amount of $317,034, together with legal interest from October 27, 1995, until paid.
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of STANLEY PALOWSKY AND CAROL HARGUS PALOWSKY and against BANK ONE in the amount of $400,000, together with legal interest from the date of judicial demand.
IT IS ORDERED that the trial court cancel the mortgage in favor of PREMIER *195 BANK, N.A., recognized in Paragraph XII of its March 19, 1993, judgment.
IT IS ORDERED, ADJUDGED, AND DECREED that BANK ONE is to bear the costs, here and below.
REVERSED AND RENDERED.
NOTES
[1] This opinion was unpublished. In order to better understand the present issues we now, with the permission of a majority of the original panel, publish that opinion as appendix A. [Editors Note: The text of the unpublished opinion appears as an appendix on WESTLAW.]
[2] There have been numerous reported decisions dealing with matters incident to this litigation. See Ouachita National Bank in Monroe v. Palowsky, 554 So.2d 108 (La.App.2d Cir.1989); Ouachita National Bank v. Palowsky, 570 So.2d 114 (La.App.2d Cir.1990); Ouachita National Bank v. Gulf States, 556 So.2d 50 (La.1990); Palowsky v. Premier Bancorp, Inc., 595 So.2d 670 (La.App. 1st Cir.1991); Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115 (La.App.2d Cir.), writ denied, 587 So.2d 695 (La.1991); Palowsky v. Premier Bancorp, Inc., 597 So.2d 543 (La.App. 1st Cir.1992); Gulf States Land & Development, Inc. v. Ouachita National Bank in Monroe, 612 So.2d 1031 (La. App.2d Cir.), writ denied, 618 So.2d 406 (La. 1993).
[3] The jury also awarded Palowsky $800,000 against the Bank for defamation. The trial court granted the Bank's JNOV on the merits and dismissed this claim, which we affirmed.
[4] On January 23, 1996, Regions Bank, a third party, intervened in these proceedings. On January 25, 1996, Roy and Linda McCaskill intervened. On February 26, 1996, the Bank filed a "motion of intervention" in order to seize Palowsky's litigious rights in the suit; however, they sought no separate or different relief than that claimed by the Bank and the Gulf States parties.
[5] La.C.C.P. art. 424 provides in part that a prescribed obligation arising under Louisiana law may be used as a defense if it is incidental to or connected with the obligation sought to be enforced by the plaintiff.